THOMAS, Justice.
The relator presented to one of the circuit judges for Union County his petition for habeas corpus in which he charged that he was illegally imprisoned for life under the provisions of Chapter 12,022 Laws of Florida, Acts of 1927, now Sec. 775.10 Florida Statutes 1951 and F.S.A.
An information was filed against the relator 25 June 1940 in the Criminal Court of Record of Duval County charging him with the fourth conviction of a felony. Upon pleading guilty the judge of that court imposed the life sentence which relator *257 is now serving. The first conviction was alleged to have occurred 25 November 1935, the second and third 16 May 1936, and the fourth 25 June 1940.
Obviously the sentence was invalid because the statute does not apply unless it is alleged and proved that each offense subsequent to the first was committed, and the conviction obtained, after the date of the last preceding conviction. This rule was announced and the reasons for it given in Joyner v. State, 158 Fla. 806, 30 So.2d 304. Inasmuch as two convictions were shown in the information now under question to have occurred the same day the information could not have supported the sentence imposed. There seems to he no use of pursuing this point further because we are advised by the Attorney General in his brief that at the hearing on the habeas corpus before the circuit judge, it was conceded that under the cited case and also Scott v. Mayo, 159 Fla. 816, 32 So.2d 821, the sentence was improper.
The appellants challenge the order of the circuit judge because by it the relator was discharged instead of remanded for a correct sentence.
The judge observed that the information sufficiently charged the relator as a second offender and that “under the previous rulings of the Supreme Court apparently the proper procedue [sic] would be to remand the Petitioner to the Criminal Court of Record for the imposition of a proper judgment and sentence as a Second Offender.” He declined to follow this course, however. He remarked that the sentence for the second offense, forgery, was not less than ten nor more than twenty years in prison and that inasmuch as the petitioner had been incarcerated for “more than 10 years, including gain time for good behavior,” and as the judge felt that under the circumstances the trial judge would not have imposed a sentence longer than the minimum period, the relator should be freed.
We cannot approve this ruling. It was the province of the circuit judge to dispose of the habeas corpus matter on the merits of the petition but it was the province of the trial court to determine the sentence to be imposed once the circuit judge had held the first sentence invalid. The order should 'have remanded the relator to the Criminal Court of Record of Duval County where the judge of that tribunal had power to impose a proper sentence taking into account the time already served. Sellers v. Mayo, Fla., 53 So.2d 642. There would have been no justification for deciding otherwise unless the time served was longer than any that could have been named in the first instance.
The order of discharge is reversed with directions to enter one consistent with this opinion.
Reversed.
ROBERTS, C. J., and HOBSON and DREW, JJ., concur.