367 So.2d 264 (1979)
Vera SHEAD, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 77-2443, 77-2444.
District Court of Appeal of Florida, Third District.
February 13, 1979.
Pollack, Spain & O'Donnell, John Lipinski, Miami, for appellant.
Jim Smith, Atty. Gen. and Paul Mendelson, Asst. Atty. Gen., for appellee.
Before HUBBART, KEHOE and SCHWARTZ, JJ.
*265 HUBBART, Judge.
This is a criminal prosecution in which the defendant was convicted and sentenced on two grand larceny charges in the Circuit Court for the Eleventh Judicial Circuit of Florida. The defendant appeals attacking solely one of these two sentences.
The central issue presented for review is whether a defendant can be declared a habitual felony offender and be given an enhanced sentence under Section 775.084, Florida Statutes (1975), where (a) he has never previously been convicted of a felony in this state, and (b) he has previously been convicted of two misdemeanors [equivalent in penalty to a first degree misdemeanor in Florida] rendered on the same day in another state. We hold that under these circumstances the defendant cannot be declared a habitual felony offender and be given an enhanced sentence under Section 775.084, Florida Statutes (1975). Accordingly, we reverse the sentence under attack and remand for re-sentencing.

A
The essential facts pertaining to the above issue are undisputed. The defendant Vera Shead was charged by information with grand larceny allegedly occurring on December 9, 1976. The defendant was tried without a jury and convicted as charged. The trial court pursuant to proper notice thereafter conducted a separate sentencing hearing, at which evidence and testimony was received, to determine whether the defendant should be given an enhanced sentence under the applicable habitual criminal statute [§ 775.084, Fla. Stat. (1975)]. The state established at that hearing that on September 11, 1974, the defendant was convicted upon her plea of guilty of two misdemeanors [equivalent in penalty to a first degree misdemeanor in Florida] on a two count indictment in the Court of Common Pleas, Allegheny County, Pennsylvania. Both offenses were committed on the same date against the same victim. The Pennsylvania court imposed a $350 fine for both offenses and the defendant was ordered to leave the county.
Based upon the above evidence, the trial court made the appropriate statutory findings and declared the defendant a habitual felony offender under Section 775.084, Florida Statutes (1975). The court then proceeded to impose an enhanced sentence thereunder which was beyond the ordinary maximum penalty authorized for grand larceny. See § 812.021(2), Fla. Stat. (1975). The defendant was sentenced to a ten year period of probation with a special probationary condition that the defendant serve 9 1/2 years in prison. The trial court's announced purpose for imposing this probationary condition was to make certain that the defendant would never be paroled from prison. The defendant was also fined $5,000. The defendant appeals attacking solely the legality of this sentence.
The defendant was also charged, tried without a jury and convicted on another unrelated grand larceny charge. The trial court sentenced the defendant to five years in the state penitentiary, the sentence to run consecutively with the probationary sentence imposed on the first grand larceny case. A $5,000 fine was also imposed unless appropriate restitution to the victim was made as of a certain date. The defendant appeals this conviction and sentence, but has conceded before this court that no error was committed in this case.

B
Section 775.084, Florida Statutes (1975), is the controlling statutory authority on the issue before the court. The defendant was sentenced thereunder as a habitual criminal offender on the first grand larceny conviction. The applicable provisions of that statute read as follows:
"(1) As used in this act:
(a) "Habitual felony offender" means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that:
1. The defendant has:
a. Previously been convicted of a felony [in this state];

*266 b. Twice previously been convicted of a misdemeanor of the first degree in this state or [of] another qualified offense [for] which the defendant was convicted after the defendant's 18th birthday;
2. The felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the last prior felony, misdemeanor, or other qualified offense of which he was convicted, or within 5 years of the defendant's release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later;
3. The defendant has not received a pardon for any felony or other qualified offense that is necessary for the operation of this section; and
4. A conviction of a felony, misdemeanor, or other qualified offense necessary to the operation of this section has not been set aside in any post-conviction proceeding.
* * * * * *
(c) `Qualified offense' means any offense in violation of a law of another state or of the United States that was punishable under the law of such state or the United States at the time of its commission by the defendant by death or imprisonment exceeding 1 year or that was equivalent in penalty to a misdemeanor of the first degree.
* * * * * *
(4)(a) The court, in conformity with the procedure established in subsection (3) and upon a finding that the imposition of sentence under this section is necessary for the protection of the public from further criminal activity by the defendant, shall sentence the habitual felony offender as follows:
1. In the case of a felony of the first degree, for life.
2. In the case of a felony of the second degree, for a term of years not exceeding 30.
3. In the case of a felony of the third degree, for a term of years not exceeding 10." § 775.084, Fla. Stat. (1975).
Central to declaring a defendant a habitual felony offender and giving him an enhanced sentence under the above statute is a showing that the defendant (1) has "[p]reviously been convicted of a felony in this state," or (2) has "twice previously been convicted of a misdemeanor in the first degree in this state or another qualified offense" subsequent to his eighteenth birthday. § 775.084(1)(a) 1. a.b., Fla. Stat. (1975). A qualified offense includes "any offense in violation of a law of another state ... that was equivalent in penalty to a misdemeanor of the first degree" under Florida law. § 775.084(1)(c), Fla. Stat. (1975). See §§ 775.082(4)(a), 775.083(1)(d), Fla. Stat. (1975).
Under this and similar habitual criminal statutes, it is the established law of this state, as well as the overwhelming weight of authority throughout the country, that, when the statute requires two or more convictions as a prerequisite to an enhanced sentence on a present case, the defendant must have committed the second offense subsequent to his conviction on the first offense. Two or more prior convictions rendered on the same day are, therefore, treated as one offense for purposes of such a provision in a habitual criminal statute. Lovett v. Cochran, 137 So.2d 572 (Fla. 1962); Perry v. Mayo, 72 So.2d 382 (Fla. 1954); Mayo v. State ex rel. Murray, 66 So.2d 256 (Fla. 1953); Reed v. Mayo, 61 So.2d 757 (Fla. 1952); Scott v. Mayo, 159 Fla. 816, 32 So.2d 821 (1947); Joyner v. State, 158 Fla. 806, 30 So.2d 304 (1947); 4 Wharton's Criminal Procedure, 288-289 (12th ed. Torcia 1976); Anno., 24 A.L.R.2d 1247, 1249 (1952).
The reason for this rule fully comports with the purpose of the habitual criminal statute. "[T]he purpose of the statute is to protect society from habitual criminals who persist in the commission of crime after having been theretofore convicted and punished for crimes previously committed. It is contemplated that an opportunity for reformation is to be given after each conviction." *267 Joyner v. State, 158 Fla. 806, 809-10, 30 So.2d 304, 306 (1947). The legislature in enacting the statute intended it to serve as a warning to offenders in the early stages of crime and to afford them an opportunity to reform upon pain of enhanced punishment if they do not. "[T]he reason for the infliction of the severer punishment for a repetition of offenses is not so much that (the) defendant has sinned more than once as that he is deemed incorrigible when he persists in violations of the law after conviction of previous infractions." Anno., 24 A.L.R.2d 1247, 1249 (1952). It therefore follows that the requirement of two prior misdemeanor or qualified offense convictions under the habitual criminal statute means that the defendant must have committed the second offense subsequent to his conviction on the first offense and thus showed a persistence in a pattern of crime notwithstanding an opportunity to reform.
The state herein does not disagree with this legal analysis, but instead urges that only one prior misdemeanor or qualified offense conviction is sufficient inter alia to declare a defendant a habitual felony offender under the statute. We disagree. The language of Sections 775.084(1)(a)1 b, (3), Florida Statutes (1975), belies this contention by requiring that the trial court make a finding, in order to declare a defendant a habitual felony offender, that the defendant either (1) has previously been convicted of one felony in this state, or (2) has "[t]wice previously been convicted of a misdemeanor of the first degree in this state or [of] another qualified offense...." [Emphasis added]. Plainly, two misdemeanor or qualified offense convictions, not one, are needed to trigger the statute.
In the instant case, it is undisputed that the defendant had no prior felony convictions in this state and had two prior misdemeanor convictions in Pennsylvania which were equivalent in penalty to a first degree misdemeanor under Florida law. These two convictions, however, were rendered on the same day for qualified offenses under the statute which were committed on the same day. The second of these offenses was, therefore, committed prior to the conviction on the first offense. As such, it is clear that the above two convictions must be treated as one qualified offense conviction thereby rendering the habitual criminal statute inapplicable to this case. The sentence imposed under the statute must therefore be reversed.

C
Although we have concluded that the habitual criminal statute does not apply to this case, this opinion should not be construed as approving the nature of the trial court's sentence herein had the statute been applicable. Indeed, we are inclined to a contrary view.
First, it is seriously questionable whether probation in any form can be imposed under the habitual criminal statute. In order to sentence a defendant under this statute, the trial court must find, as it did in this case, that the imposition of an enhanced sentence "is necessary for the protection of the public from further criminal activity." § 775.084(4)(a), Fla. Stat. (1975). See Grey v. State, 362 So.2d 425 (Fla. 4th DCA 1978). Probation, on the other hand, may only be imposed "[i]f it appears to the court upon a hearing of the matter that the defendant is not likely again to engage in a criminal course of conduct and that the ends of justice and the welfare of society do not require that the defendant shall presently suffer the penalty imposed by law... ." § 948.01(3), Fla. Stat. (1975). The required findings under the habitual criminal statute and the probation statute are inconsistent and mutually exclusive.
Second, the 9 1/2 year prison term imposed as a condition of probation is equally questionable. Its sole purpose, as stated by the trial court, was to punish the defendant by denying her any hope of parole. Although a short jail or prison sentence may be imposed as a condition of probation if reasonably related to a rehabilitative purpose, State v. Jones, 327 So.2d 18 (Fla. 1976), it is doubtful whether a lengthy prison *268 term, as here, can stand as a probationary condition when its primary, if not exclusive purpose is to punish the defendant. See Kominsky v. State, 330 So.2d 800 (Fla. 1st DCA 1976). Moreover, it is further doubtful whether a trial court by this device can divest the Parole Board of its exclusive authority to parole a defendant on a prison sentence. In sum, it is our view that the sentence imposed in this case was illegal even if the habitual criminal statute had been applicable.
The judgment of conviction and sentence in case no. 77-2444 is affirmed. The judgment of conviction is affirmed, but the sentence is reversed in case no. 77-2443 and the cause is remanded to the trial court for resentencing in accord with the views expressed in this opinion.
Affirmed in part; reversed in part.