SCHWARTZ, Judge.
The appellant seeks review of the summary denial without hearing of his motion for relief under Fla.R.Crim.P. 3.850. In 1977, Cooney pled guilty to a charge of robbery and was sentenced to a term of ten years probation with the special condition that he serve five years in the state prison. *927 The transcript of the sentencing proceedings strongly suggests that the trial judge intended that the defendant would be eligible for parole within six months as provided by Sec. 947.16(1), Fla.Stat. (1977). The court stated, in part:
What I am going to do is make a part of your sentence some jail time. The length that you are going to stay incarcerated is going to be up to you, because all of us want to see how you function by yourself under other circumstances, so that you would be in a position then to know what will happen.

******

The length of time you stay there will be entirely up to the parole commission. You could be out in six months or you could be a wise apple and be there for five years. .
Cooney’s 3.850 motion alleges, however— and the state’s response filed in this court does not disagree — that the Department of Corrections takes the position that, under the sentence as actually imposed, he is entitled to gain time against the five year period under Sec. 944.275, Fla.Stat. (1978), but is not eligible for parole. Thus, he could not be released until some time in 1980. Under these circumstances, we hold that the sentence should be vacated pursuant to the principle stated in Geter v. Wainwright (Fla.3d DCA 1979) (Case no. 79-1330, opinion filed, October 30, 1979) and Shead v. State, 367 So.2d 264, 267-268 (Fla.3d DCA 1979) that a lengthy prison term which has the effect of precluding parole before the term expires should not be imposed as a condition of probation. The order below is reversed and the cause is remanded for resentencing.
Reversed and remanded.