378 So.2d 303 (1979)
Chauncey Patrick OLCOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 78-1557.
District Court of Appeal of Florida, Second District.
December 5, 1979.
As Amended December 20, 1979.
Jack O. Johnson, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Eula Tuttle Mason, Asst. Atty. Gen., Tampa, for appellee.
Michael H. Davidson, Tallahassee, Gen. Counsel for amicus curiae Florida Parole and Probation Com'n.
GRIMES, Chief Judge.
This case requires consideration of sentencing philosophies and of the interplay between parole and probation.
The state charged appellant with one count of attempted burglary, nine counts of burglary and four counts of grand theft. He pled guilty to all charges. The court then sentenced him to three years in prison for the attempted burglary and for each count of grand theft, with the sentences to run concurrently. For each of the nine counts of burglary, the court placed appellant on probation for fifteen years with the special condition that he serve six years in prison. The probation periods including the six year prison terms were to run concurrently with each other and concurrently with the sentences imposed for grand theft and attempted burglary.
On direct appeal, appellant attacks the propriety of a prison term of six years duration as a condition of a fifteen year probation. Specifically, he argues that this deprives him of the right to be considered for parole throughout his term in prison.
The state contends that the supreme court answered the questions which appellant now raises in State v. Jones, 327 So.2d 18 (Fla. 1976). While Jones dealt with a short prison term, the court did specifically state that trial courts have the authority to "place a defendant on probation and include, as a condition, incarceration for a specific period of time within the maximum sentence allowed." 327 So.2d at 25 (emphasis added). We do not believe, however, that Jones decided the issues presented by this case because it did not consider the impact on the parole process of a jail term as a condition of probation.
Section 947.16, Florida Statutes (1977), states in pertinent part:
Every person who has been, or who may hereafter be, convicted of a felony or who has been convicted of one or more misdemeanors and whose sentence or cumulative sentences total 12 months or more, who is confined in execution of the judgment of the court, and whose record during confinement is good, shall, unless otherwise *304 provided by law, be eligible for consideration by the Commission for parole. (Emphasis added.)
At first reading, it would appear that appellant would be eligible for consideration for parole after he has served twelve months in prison and maintained a good record. However, two courts in this state have held that when a court imposes incarceration as a condition of probation, the incarceration does not constitute a sentence. McGowan v. State, 362 So.2d 335 (Fla. 3d DCA 1978); State v. Williams, 237 So.2d 69 (Fla. 2d DCA 1970).
In an amicus curiae brief which we requested in this case, the Florida Parole and Probation Commission states that in view of these authorities the Commission has established a policy of not considering for parole any person imprisoned as a condition of probation regardless of the duration of his term.[1] Two recent cases have strengthened this position. In them the supreme court, without opinion, denied petitions seeking to mandamus the Commission to consider for parole persons incarcerated for long prison terms as conditions of their probation.[2]
In Shead v. State, 367 So.2d 264 (Fla. 3d DCA 1979), our sister court acknowledged the impact on parole of a long prison term as a condition of probation:
Second, the 9 1/2 year prison term imposed as a condition of probation is equally questionable. Its sole purpose, as stated by the trial court, was to punish the defendant by denying her any hope of parole. Although a short jail or prison sentence may be imposed as a condition of probation if reasonably related to a rehabilitative purpose, State v. Jones, 327 So.2d 18 (Fla. 1976), it is doubtful whether a lengthy prison term, as here, can stand as a probationary condition when its primary, if not exclusive purpose is to punish the defendant. See Kominsky v. State, 330 So.2d 800 (Fla. 1st DCA 1976). Moreover, it is further doubtful whether a trial court by this device can divest the Parole Board of its exclusive authority to parole a defendant on a prison sentence. In sum, it is our view that the sentence imposed in this case was illegal even if the habitual criminal statute had been applicable.
367 So.2d at 267-68. Predicating its decision upon this statement in Shead, the Third District Court of Appeal has now set aside a ten year prison term imposed as a condition to 15 years probation. Geter v. Wainwright, No. 79-1330 (Fla. 3d DCA Oct. 30, 1979).
In its brief, the Parole and Probation Commission succinctly states the problem.
The true issue in this case is one regarding the fundamental nature and relationship of and between probation and parole. The traditional concepts of parole and probation are such that the two are separate, distinct, independent and unrelated conditions. Heretofore, probation has always been accepted as something imposed in lieu of incarceration, while parole has traditionally been accepted as a measure which allows a prisoner to serve out the remainder of his sentence outside incarceration.
Also, the commission could have pointed out the anomaly that a person serving a long term in prison as a condition of probation might conclude that it was in his best interest *305 to violate the probation in order to receive a sentence and thereby ultimately become eligible for parole.
There are many who believe that salutary results may be obtained by first giving one who is to be placed on probation "a taste of prison" in order to graphically demonstrate what is likely to happen to him should he violate the terms of that probation. Moreover, by making the term in prison a condition of probation rather than by using the split sentence technique, a judge can avoid the necessity of rendering an adjudication and thereby imposing a criminal record upon a first offender. Nevertheless, a long prison term seems to be contrary to the spirit of probation and may be employed simply as a device to get around what is conceived to be a liberal policy on early parole.[3]See Shead v. State, 367 So.2d 264 (Fla. 3d DCA 1979). Thus, we believe that there should be some limitation upon length of the prison term which can be imposed as a condition of probation.[4] Yet, if there are to be blanket rules so as to avoid a multiplicity of appeals, the highest court of our state should write them. Suffice it to say, we have concluded that six years in prison as a condition of 15 years probation is too long.
In light of this case's potential impact upon many persons who are in prison as a condition of their probation, we have chosen to certify it to the supreme court as being one of great public interest. Rather than specifically framing a question, we have attempted to pose the problem and some of its ramifications so that the supreme court will have the greatest flexibility with which to decide the case in the manner it deems best.[5]
We reverse the order placing appellant on probation with directions to the trial court to impose a new penalty consistent with this opinion. At the hearing held for this purpose, the court can impose any punishment which could have been originally imposed, subject only to the restrictions of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Thus, the appellant could not complain of a prison sentence of any length not exceeding six years because one of the major premises of his appeal was that a prison term as a condition of probation is more onerous than a simple prison sentence of the same length. We affirm the remaining judgments and sentences.
BOARDMAN and RYDER, JJ., concur.
NOTES
[1] One solution to the problems posed by this case would be to read Section 947.16 broadly enough to encompass a term of confinement of twelve months or more imposed as a condition of probation. But this would contemplate the possibility that a person could be on parole and probation at the same time. Moreover, as the Parole and Probation Commission notes in its brief:

If ... the rationale of McGowan is to be rejected, and a person incarcerated as a Condition of Probation is to be considered under "sentence" and, therefore, eligible for a parole, does parole, in light of the fact that it addresses the entire "sentence", not just the incarceration portion of that sentence, work to supersede and terminate the "probation" imposed by the court?
[2] Parks v. Florida Parole and Probation Commission, No. 55,570, 368 So.2d 1372 (Fla. Feb. 7, 1979) (four years of prison as a condition of five years probation); Freeman v. Crockett, 377 So.2d 168 (Fla. 1979) (five years of prison on a five year period of probation).
[3] The legislature has now provided a method whereby the sentencing court can retain jurisdiction to review orders granting early parole in cases involving serious crimes. Sec. 947.16(3), Fla. Stat. (1977).
[4] There is much to be said for a maximum limitation of one year because it would avoid any conflict with Section 947.16.
[5] Should the supreme court place specific limitations on the length of imprisonment which a court may impose as a condition of probation, it may also wish to address the status of those currently serving terms in excess of such limitations who failed to preserve their position by direct appeal.