380 So.2d 1101 (1980)
J.W. HAMM, Appellant,
v.
STATE of Florida, Appellee.
No. 79-1093.
District Court of Appeal of Florida, Second District.
February 22, 1980.
Jack O. Johnson, Public Defender and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Michael A. Palecki, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Chief Judge.
The issue before us is whether a prisoner can collaterally attack the imposition of a long prison term as a condition of probation.
At a nonjury trial, the court found appellant guilty of possession of a firearm by a convicted felon and placed him on probation for fifteen years with the condition that he spend fourteen years in prison. Appellant did not file a timely appeal. Later, he filed a pro se motion pursuant to Florida Rule of *1102 Criminal Procedure 3.850 in which he complained of the propriety of the long prison term that the court had made a condition of his probation. The court denied the motion, and he now appeals that denial. Because of the potential impact of our decision on not only appellant but others who may be in a similar position, we requested briefs from the state and public defender.
In Olcott v. State, 378 So.2d 303 (Fla.2d DCA 1979), this court followed the lead of Shead v. State, 367 So.2d 264 (Fla.3d DCA 1979), and held that it was impermissible to impose six years in prison as a condition of fifteen years probation. However, Olcott was a direct appeal from the order of probation. Thus, in defending the denial of appellant's motion, the state refers to the general principle that a defendant cannot raise those matters which he could have raised on appeal by a motion to vacate. Yanks v. State, 273 So.2d 401 (Fla.3d DCA 1973).
On the other hand, appellant points out that when the court placed him on probation the Third District Court of Appeal had not yet issued the Shead opinion and that as a consequence there were no appellate decisions in Florida which questioned the propriety of a long prison term as a condition of probation. He then cites cases for the proposition that a defendant can properly seek relief pursuant to a post-conviction motion when courts have made new law since the time of the trial and appeal. E.g., Lee v. State, 217 So.2d 861 (Fla.4th DCA 1969). Appellant's argument is well taken provided that the error of which he complains is fundamental.
While attempting to determine whether a particular error is fundamental is often difficult, it has been said that fundamental error "goes to the foundation of the case or goes to the merits of the cause of action." Sanford v. Rubin, 237 So.2d 134, 137 (Fla. 1970).[1] The essence of our Olcott decision was that in the absence of legislative authority, a judge cannot impose a long mandatory jail term which precludes the potential for parole. Assuming the decision in Olcott was correct, we believe that the court's use of a long prison term as a condition of probation was an error of fundamental dimension, and we think that it would be unacceptable to prevent appellant from obtaining Olcott's benefits. Therefore, we hold that appellant's motion made a prima facie showing of fundamental error for which he is entitled to consideration under Florida Rule of Criminal Procedure 3.850.[2]
We reverse the denial of the motion to vacate and remand the case for an evidentiary hearing and such other proceedings as may be appropriate. Because we certified Olcott to the supreme court as a decision of great public interest, we will also certify this case on the same basis so that the supreme court will be in a position to set all of these related issues at rest.
BOARDMAN and RYDER, JJ., concur.
NOTES
[1] For a further discussion of what constitutes fundamental error, see Clark v. State, 336 So.2d 468 (Fla.2d DCA 1976).
[2] We find strong support for our decision in the fact that the supreme court deemed an illegal sentence to be such a fundamental error that the court specifically included it in Rule 3.850 as a ground for relief. While a probation order is not technically a sentence, it is much like a sentence. It represents the punishment one receives for transgressing the laws of our state.