380 So.2d 1203 (1980)
John Henry GETER, Petitioner,
v.
Louis L. WAINWRIGHT, Secretary, Department of Corrections, Respondent.
No. 79-1330.
District Court of Appeal of Florida, Third District.
March 17, 1980.
John Henry Geter, in pro. per.
Jim Smith, Atty. Gen., for appellee.
Before HAVERFIELD, C.J., and HUBBART and SCHWARTZ, JJ.
PER CURIAM.
Petitioner, John Henry Geter, by writ of habeas corpus seeks review of his sentence for robbery.
John Geter was charged with robbery and after plea negotiations he entered a plea of guilty. The trial judge adjudicated him guilty, withheld sentence and placed him on probation for 15 years; however, as a special condition of probation, Geter was ordered to serve 10 years in the state penitentiary. After serving several years, Geter requested consideration for parole and was informed by the Department of Offender Rehabilitation that because of the nature of his sentence he was not eligible for parole consideration. Thereupon, Geter filed the instant petition for writ of habeas corpus challenging the 10-year mandatory sentence. We have jurisdiction to entertain this petition. Dallas v. Wainwright, 175 So.2d 785 (Fla. 1965).
The lead case with respect to the imposition of a mandatory prison sentence as a condition of probation is Shead v. State, 367 So.2d 264 (Fla. 3d DCA 1979) wherein this court held:
"... Although a short jail or prison sentence may be imposed as a condition of probation if reasonably related to a rehabilitative purpose, State v. Jones, 327 So.2d 18 (Fla. 1976), it is doubtful whether a lengthy prison term, as here, can stand as a probationary condition when its primary, if not exclusive purpose is to punish the defendant. See Kominsky v. State, 330 So.2d 800 (Fla. 1st DCA 1976). Moreover, it is further doubtful whether a trial court by this device can divest the Parole Board of its exclusive authority to parole a defendant on a prison sentence ..." 367 So.2d 267-68
We, therefore, reverse the subject sentence and remand the cause to the trial court to impose a new sentence consistent with the view expressed herein.
Reversed and remanded.