382 So.2d 1307 (1980)
Michael D. FREEMAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-920.
District Court of Appeal of Florida, Third District.
April 22, 1980.
Rehearing Denied May 21, 1980.
*1308 Ginsburg, Byrd & Jones and Fred S. Pflaum, Sarasota, for appellant.
Jim Smith, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before HUBBART and NESBITT, JJ., and CHARLES A. CARROLL (Ret.), Associate Judge.
NESBITT, Judge.
The issue which is again before us is whether the imposition of a long term sentence imposed under the guise of a special condition of probation is permissible. Again, we rule that it is not. We therefore reverse the order denying the motion to correct the sentence and remand for proper sentencing.
On June 29, 1978, after a non-jury trial, appellant was convicted under a three-count information for: (1) sale and delivery of a controlled substance; (2) possession with intent to sell a controlled substance; and (3) conspiracy to sell a controlled substance. He was adjudicated and sentenced to serve ten years probation on Count I with a special condition of probation that he be confined to the state penitentiary for a period of five years. As to Count II, he was adjudicated and sentenced to five years probation with a special condition of probation that he be confined in the state penitentiary for a period of five years, that sentence to be served concurrently with the sentence in Count I. As to Count III, the defendant was adjudicated and sentenced to one year probation with a special condition of probation that he be confined to the state penitentiary for a period of one year, that sentence to be served concurrently with the sentence in Count I above.
We have previously held that a lengthy prison term, which has the effect of precluding parole before the term expires, cannot be imposed as a condition of probation especially where its purpose is to punish the defendant. Geter v. Wainwright, 380 So.2d 1203 (Fla.3d DCA 1980); Cooney v. State, 376 So.2d 926 (Fla.3d DCA 1979); Shead v. State, 367 So.2d 264 (Fla.3d DCA 1979).
A review of the record leaves no doubt that the trial court's imposition of a long term prison sentence, under the guise of a special condition of probation, was to punish the defendant and deny him the opportunity for parole.
There is a clear distinction between a sentence and a condition of probation. State v. Williams, 237 So.2d 69 (Fla.2d DCA 1970). A sentence may be imposed for one or more of the following purposes: (a) to punish; (b) to deter similar criminal acts; (c) to protect society; or (d) to rehabilitate. Probation is a matter of grace and its underlying concept is rehabilitation. Russell v. State, 342 So.2d 96 (Fla.3d DCA 1977). Normally, probation presupposes the fact that a probationer is not in confinement. Bernhardt v. State, 288 So.2d 490 (Fla. 1974).
We find nothing in Section 948.01, Florida Statutes (1979) which authorizes a court to impose a long term prison sentence as a special condition of probation. Florida Rule of Criminal Procedure 3.790 negates the concept:
Pronouncement and imposition of sentence of imprisonment shall not be made upon a defendant who is to be placed on probation regardless of whether such defendant has or has not been adjudicated guilty.
Our holding today is buttressed by that of Hamm v. State, 380 So.2d 1101 (Fla.2d DCA 1980) which held that the imposition of a long prison term under the guise of a special condition of probation may be collaterally attacked via the route of Florida *1309 Rule of Criminal Procedure 3.850 because it constitutes fundamental error.
In this case, the error was so egregious that it permeated the entire sentence. Since the defendant has served more than one year in prison, reversal with respect to Count III would normally be moot. However, the practical benefit to the defendant in reversing the entire sentence is to afford him an opportunity to be given credit for time already spent in prison.
Insofar as our decision in McGowan v. State, 362 So.2d 335 (Fla.3d DCA 1978) is contra to this decision or the holdings in Geter v. Wainwright, supra, Cooney v. State, supra, or Shead v. State, supra, we recede from McGowan.
Nonetheless, we acknowledge that a trial court retains authority to impose a short jail term or prison sentence as a special condition of probation where it is reasonably related to a rehabilitative purpose. State v. Jones, 327 So.2d 18 (Fla. 1976).
Accordingly, the order denying the motion made pursuant to Florida Rule of Criminal Procedure 3.850, to correct the sentence, is reversed and the entire sentence vacated with directions to resentence the defendant with proper credit for all time spent in incarceration.
Reversed and remanded.