385 So.2d 721 (1980)
Frank CUNNINGHAM, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-1628.
District Court of Appeal of Florida, Third District.
July 1, 1980.
*722 Bernard S. Yedlin, Miami, for appellant.
Jim Smith, Atty. Gen., and Susan Minor, Asst. Atty. Gen., for appellee.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
HENDRY, Judge.
The appellant was convicted of manslaughter, in a trial by jury. At the close of all the evidence, motion was made for judgment of acquittal.[1] Appeal is made to this court from the denial of that motion.
"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970). The purpose of a motion for judgment of acquittal is to challenge the legal sufficiency of the evidence, and where the state has brought forth competent evidence to support its claim that each element of the crime has been performed, a judgment of acquittal will not lie. Downer v. State, 375 So.2d 840, 845 (Fla. 1979). The question is: "[C]ould the jury as reasonable men find the defendant guilty beyond and to the exclusion of a reasonable doubt? If his answer is affirmative, the trial judge must deny the motion; if it is negative, he must grant the motion." Weinshenker v. State, 223 So.2d 561, 563 (Fla. 3d DCA 1969). We find that the evidence adduced at trial was legally sufficient to support the jury's verdict; thus, we affirm.
Manslaughter is "[t]he killing of a human being by the act, procurement, or culpable negligence of another, without lawful justification ... and in cases in which such killing shall not be excusable homicide or murder... ." § 782.07, Fla. Stat. (1980). Thus the two affirmative elements of the offense are (1) the killing; and (2) a causative link between the death of the victim and the act, procurement, or culpable negligence of another. It is the latter ingredient of the crime that appellant claims is missing in the facts sub judice.
On the day the victim met his death, appellant had joined a neighborhood convocation devoted to dice and hard liquor. After some hours, some money and some liquor had passed, appellant sustained what he rightly regarded as an insult. He left on foot, shortly to return in his automobile, having retrieved from his home a shotgun, *723 with which he intended to disperse the assemblage. Still sitting at the wheel, appellant directed a blast into the air. The thunderous report, contained as it was in the metal cannister of the car's interior, further loosened appellant's already tenuous hold on the situation.
The victim had joined the congeries of gamesters in appellant's absence; however, evidently, he had independently reached the same mood, and the same state, as they. In short, he was not to be trifled with.
To the victim, the gun was an irritant  nothing more. Stolidly indifferent to the danger, he decided to take the weapon from appellant. Approaching appellant's automobile, the victim grasped the barrel of the shotgun, which protruded through the open window, and sought to extract it. Appellant, though dazed, remained firmly attached to the other end. The comments with which the victim accompanied his efforts were completely inaudible to appellant, whose ears still rung with the reverberation of the earlier blast; however, he imagined them to be threats, and his grip tightened. The victim tugged one last time; the gun fired; the victim died.
In logic, all the antecedents which coalesce in the occurrence of an event are its causes; the concern of the law is more immediate. At civil law, fault is the question, and the notion of "proximate cause" is designed to shade out all but those antecedents most immediately responsible for an event.
This court has twice employed the doctrine of proximate cause in cases of criminal homicide. In Karl v. State, 144 So.2d 869 (Fla.3d DCA 1962), the appellant's conviction for the manslaughter of his young step-son was affirmed, on the basis that a reasonable jury could have found that the beating the step-father administered "was the proximate cause of the death".
In J.A.C. v. State, 374 So.2d 606 (Fla. 3d DCA 1979), we reversed the vehicular homicide conviction of a participant in a fatal drag race, on the ground that the intervening act of the passenger-decedent, which was the cause-in-fact of the fatal accident, was sufficiently unrelated to the appellant's wrongful act as to render the latter a remote cause: The legal causation necessary to convict the appellant was missing; the proximate cause of death was the superseding act of the passenger.
Appellant sub judice claims that the act of the victim was an intervening cause in his death. We agree; the victim's initiation of the struggle over possession of the shotgun was the sine qua non of his demise. However, the fact of the victim's fatal role does not necessarily negate appellant's responsibility for the homicide. Rather, the dispositive question is whether the decedent's act was the superseding cause, so devoid of relation to the culpable negligence of appellant that appellant should not be assessed with the blame for what ultimately transpired.
We find that the act of the decedent was not a superseding cause as a matter of law. It is true that the decedent had not yet arrived when appellant left to get his gun; nevertheless, the death, occasioned in a drunken struggle over a lethal weapon appellant recklessly brought, in anger, to a drunken and angry scene, was more than mere happenstance in a situation of appellant's making. In such an instance, a jury might properly impute guilt. Therefore, we confirm the conviction obtained in the circuit court.
We must reverse with regard to the trial court's imposition of a sentence of 10 years' probation conditioned upon confinement in the state penitentiary for three years.[2] We have recently noted that, "Probation is a matter of grace and its underlying concept is rehabilitation." Freeman v. State, 382 So.2d 1307 (Fla. 3d DCA 1980), citing Russell v. State, 342 So.2d 96 (Fla. 3d DCA 1977). Consistent with that premise, we have stated that rehabilitation, rather than punishment, is the proper criterion for confinement under a conditional sentence. Freeman, supra, Geter v. Wainwright, 380 So.2d 1203 *724 (Fla. 3d DCA 1980); Shead v. State, 367 So.2d 264 (Fla. 3d DCA 1979). A "long" underlying prison sentence, i.e., one not reasonably related to the rehabilitative purpose of probation, Olcott v. State, 378 So.2d 303 (Fla. 2d DCA 1979); Shead, supra, 367 So.2d at 267, 68, is fundamental error, Hamm v. State, 380 So.2d 1101 (Fla. 2d DCA 1980), and thus is amenable to appellate remedy sua sponte.
We remand for resentencing by the trial court of an appropriate lesser period of rehabilitative incarceration.
Affirmed in part, reversed in part, and remanded.
NOTES
[1] Fla.R.Crim.P. 3.380(a).
[2] § 948.01(4), Fla. Stat. (1979).