COBB, Judge.
The appellant, Wesley Wilcher, filed a motion with the trial court for post-conviction relief pursuant to Rule 3.850, alleging that the trial court had imposed a sentence in excess of the maximum authorized by law. Defendant, following his conviction of a second degree felony,[1] was sentenced to five years imprisonment to be followed by ten years probation.
Wilcher argued that this split sentence deprived the Parole and Probation Commission of its lawful power to grant paroles, and relied on various Florida cases: Geter v. Wainwright, 380 So.2d 1203 (Fla.3d DCA 1980); Olcott v. State, 378 So.2d 303 (Fla.2d DCA 1979); Cooney v. State, 376 So.2d 926 (Fla.3d DCA 1979); Shead v. State, 367 So.2d 264 (Fla.3d DCA 1979); State v. Williams, 237 So.2d 69 (Fla.2d DCA 1970); The trial court denied the motion and Wilcher has filed a timely appeal pursuant to Rule 9.140(g), Florida Rules of Appellate Procedure.
The state contends, and we agree, that section 948.01(4), Florida Statutes (1979), specifically authorizes the sentence imposed in this case. State v. Holmes, 360 So.2d 380 (Fla. 1978); Hicks v. State, 362 So.2d 173 (Fla.lst DCA 1978).
AFFIRMED.
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.

. Discharging a firearm in an occupied dwelling. § 790.19, Fla.Stat. (1979).