SCHWARTZ, Judge.
The sole point on appeal challenges the determination below that the defendant, Masci, who was 17 years of age, was properly charged as an adult by the state attorney under Section 39.04(2)(e)4, Fla.Stat. (1979), which provides:
4. With respect to any child who at the time of commission of the alleged offense was 16 or 17 years of age, [the state attorney may] file an information when in his judgment and discretion the public interest requires that adult sanctions be considered or imposed. Upon motion of the child, the case shall be transferred for adjudicatory proceedings as a child pursuant to s. 39.09(1) if it is shown by the child that he had not previously been found to have committed two delinquent acts, one of which involved an offense classified under Florida law as a felony. [e. s.]
As a juvenile, Masci had been previously found guilty of burglary and larceny arising out of the same incident — breaking into a structure and stealing property from inside — but had not been adjudicated delinquent as a result of that conduct. We agree with the trial court that the terms of the statute apply to this situation and reject both of the appellant’s arguments to the contrary:
1. Sections 39.09(3) and 39.10(2), Fla.Stat. (1979) provide for a two-step process in the disposition of delinquency proceedings under which, after the juvenile has first been found to have committed a delinquent act, he may or may not then be actually adjudicated delinquent. The condition of Sec. 39.04(2)(e) that the child have been “found” guilty of acts of delinquency therefore plainly does not also require that actual adjudications have been entered, as Masci contends. Compare Section 39.-09(2)(a), Fla.Stat. (1979), which, in contrast, specifically refers to the consequences of the child’s having been “previously adjudicated delinquent.”
2. The previous burglary and larceny constituted two distinct crimes or delinquent acts — one of breaking in, the other of stealing — even though they arose out of the same series of events. Estevez v. State, 313 So.2d 692 (Fla.1975). There is nothing in Section 39.04(2)(e)4 which supports the appellant’s position that the two acts of delinquency must arise from separate criminal episodes![1]! Our insertion of such a requirement would amount to an impermissible judicial rewriting of the legislative mandate. 10 Fla.Jur.2d Constitutional Law § 170 (1979), and cases cited.
Since the defendant’s criminal prosecution as an adult was thus authorized by Sec. 39.04, see State v. Cain, 381 So.2d 1361 (Fla.1980), the judgment under review is
Affirmed.

. The defendant’s reliance on Shead v. State, 367 So.2d 264, 266-67 (Fla. 3d DCA 1979), which dealt with the habitual offender statute, is misplaced. Both the determinative language and the legislative purpose of the two provisions are entirely different.