THOMAS, Justice.
A writ of habeas corpus was issued 00 the petition of Thomas Lovett and the case is now before us for further consideration upon the petition and the return of the respondent endorsed by the Attorney General.
It appears that the petitioner was sentenced 28 March 1960 in the Circuit Court of the Ninth Judicial Circuit, Seminole County, to life imprisonment for “Fourth Conviction Of Felony.” The sentence was-based on an information charging that on that day the petitioner had been convicted “of the following felonies in this State and other States, * * *; Grand Larceny in the First Degree on September 26, 1944, in Rochester, New York; Breaking and Entering on May 28, 1956, in Bradenton, Florida; Breaking and Entering on May 28,, 1956, in Bradenton, Florida; Breaking and Entering on March 28, 1960, in Sanford, Florida.”
It is important to note that the second and third convictions were alleged to have occurred on the same day in the same city.
*573 The relevant section of the statutes dealing with the punishment for a fourth conviction of felony is numbered 775.10, Florida Statutes 1959, F.S.A. That law provides that a person who has three times been convicted of felonies, or attempts to commit them, in this state or of acts in other states which would constitute felonies if committed here, and then commits a felony in Florida, may, upon the fourth conviction in this State, be imprisoned for life.
Upon cursory examination of the information, it appears that the petitioner was charged with the commission of four felonies, the last of which was perpetrated in Florida, nonetheless the information was ineffective as a foundation for a life sentence because, as was observed at the outset, the second and third convictions were averred to have happened the same day.
We treated of this subject in Joyner v. State, 158 Fla. 806, 30 So.2d 304, and held that to warrant conviction as a fourth offender it was imperative that the allegation of the information show and the proof demonstrate that the second crime was committed after the first conviction, and the third crime after the second conviction.
We discussed the question further in Perry v. Mayo, Fla., 72 So.2d 382, and, as we said, “to end the confusion, once for all,” we were adhering to the rule “that in order to form a basis for sentence as a second or fourth offender, it must be established that the offenses after the primary one were in each case committed subsequent to conviction for the preceding offense * * We announced that the rule would be bent to the extent of inferring, if the period between each conviction, save the first, and the next conviction was longer than the sentence imposed, that each commission save the first, came after the preceding conviction and met the rule.
Obviously there could have been no compliance with this construction when the second and third offenses were charged to have been perpetrated the same day. See Harvey v. Mayo, Fla., 72 So.2d 385; Cohen v. Mayo, Fla., 77 So.2d 787.
We are impelled to discharge the petitioner from the present sentence and to remand him to the custody of the Circuit Court of the Ninth Judicial Circuit in Seminole County for prosecution as a second offender, upon a proper information, or for the imposition of a sentence for the violation alleged to have been committed 28 March 1960.
ROBERTS, C. J., and HOBSON, DREW and THORNAL, JJ., concur.