476 So.2d 191 (1985)
STATE of Florida, Petitioner,
v.
James Michael SNOWDEN, Respondent.
No. 65176.
Supreme Court of Florida.
August 29, 1985.
Jim Smith, Atty. Gen., Mark C. Menser and John W. Tiedemann, Asst. Attys. Gen., Tallahassee, for petitioner.
James B. Gibson, Public Defender, and James R. Wulchak, Asst. Public Defender, Daytona Beach, for respondent.
SHAW, Justice.
We granted the petition to review Snowden v. State, 449 So.2d 332 (Fla. 5th DCA 1984), because of conflict with Hawkins v. State, 436 So.2d 44 (Fla. 1983). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Snowden was charged with first-degree murder and armed robbery. At the request of defense counsel the trial court instructed the jury that grand theft could be considered as an underlying felony of third-degree murder. The jury convicted Snowden of lesser included offenses on both counts of third-degree murder and grand theft. The district court of appeal reversed the conviction and set aside the sentence for grand theft on the authority of Bell v. State, 437 So.2d 1057 (Fla. 1983), which holds that there cannot be separate convictions and sentences for two or more offenses when only one crime has been committed.
The state argues that grand theft, as the underlying felony of third-degree murder, is not a lesser included offense. We agree and have recently put this issue to rest in State v. Enmund, 476 So.2d 165 (Fla. 1985), and Vause v. State, 476 So.2d 141 (Fla. 1985).[*] The decision *192 under review is therefore quashed with directions to affirm Snowden's conviction of and sentence for grand theft.
It is so ordered.
BOYD, C.J., and ALDERMAN and McDONALD, JJ., concur.
EHRLICH, J., concurs in result only.
ADKINS and OVERTON, JJ., dissent.
NOTES
[*] It should also be noted for future reference that section 775.021(4), Florida Statutes (1983), as amended by chapter 83-156, section 1, Laws of Florida, now incorporates the rule from Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). This section now clearly expresses legislative intent that there be separate convictions and sentences for separate criminal offenses "if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial." Thus, by statutory definition, there is no lesser included offense when each offense contains a statutory element that the other does not have. Conversely, when each statutory element of an offense is contained in the statutory elements of a second offense, then the former offense is a lesser included offense of the latter offense. Henceforth, the Florida Standard Jury Instructions in Criminal Cases (1981), which set forth what had heretofore been lesser included offenses, must be read and modified in light of this legislative decision.