GLICKSTEIN, Judge.
We first remand for housekeeping corrections; namely, to have the forms used by the trial court accurately reflect appellant did not plead nolo contendere, but was found guilty by a jury of Count III of the information; to strike any references to community control as to Count III; and to strike reference to assessment of costs, as they were not assessed.
Substantively, we remand for resentenc-ing because we agree with appellant’s counsel that his client does not meet the statutory requirements for habitual misde-meanant. Section 775.084(l)(b), Florida Statutes (1987), permits enhancement of punishment as a habitual misdemeanant if one has two prior convictions, unpardoned or otherwise set aside, of the same crime as the instant one, committed after reaching age eighteen, the present crime having been committed within two years of the commission of the last prior crime or of release from the last previous commitment.
Appellant contends these conditions are not met in the instant case because his second conviction was for a crime which occurred earlier than that which brought about his first conviction. He cites Shead v. State, 367 So.2d 264, 266-67 (Fla. 3d DCA 1979), which supports this argument. Shead explains that the idea is to enhance punishment for one who repeats the criminal conduct after having been convicted and punished, for he has had an opportunity to reform and has not done so. In Shead both prior offenses occurred on the same day, and were accordingly treated as though they were one offense. Wilken’s two prior offenses both occurred before he was tried for either crime.
The Florida Supreme Court had provided essentially the same gloss on earlier statutes as did the Third District in Shead, saying the timing requirement is implicit in the statutes then in question, on the reasoning mentioned above. See Joyner v. State, 158 Fla. 806, 809, 30 So.2d 304, 306 (1947) (evidence must show each successive conviction was for an offense committed after the preceding conviction).
Even though the above principle was said to be implicit in the statutes, Joyner mentions that the habitual offender statutes in effect in 1947 made explicit reference to the requirement that the second offense have been committed after conviction for the first. Inspection indicates this was found in then section 775.09, but not the two succeeding sections which also were habitual offender statutes. We find no such language in the present statute, which *1012 appears to be something more than a mere rewrite of previous law.
The Florida Supreme Court espoused the Joyner view again in Lovett v. Cochran, 137 So.2d 572, 573 (Fla.1962), repeating that each successive conviction must be for a crime committed after the previous conviction, in order to satisfy the habitual offender statute requirements. The Fifth District Court followed the same line of reasoning in Snowden v. State, 449 So.2d 332 (Fla. 5th DCA 1984), quashed on other grounds, 476 So.2d 191 (Fla.1985), when applying the felony portion of the habitual offender statute.
Because appellant’s two previous convictions for indecent exposure or its equivalent were for offenses both of which he committed before his first conviction, they should count as only one conviction. It is not critical, as the state urges, that in cases cited as authority, the previous offenses took place on the same day, rather than at separate times. What matters is that the second did not occur after the prior conviction. This conclusion moots appellant’s second argument on this point.
DOWNEY and DELL, JJ., concur.