556 So.2d 430 (1989)
William Lewis LAWLEY, Appellant,
v.
STATE of Florida Appellee.
No. 89-1862.
District Court of Appeal of Florida, First District.
December 22, 1989.
*431 Jefferson W. Morrow, of David, Morrow and Edwards, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., for appellee.
SHIVERS, Chief Judge.
Appellant appeals an order denying his Fla.R.Crim.P. 3.800(a) motion to correct an illegal sentence. We reverse and remand.
Appellant was tried and found guilty on five counts of possession of various controlled substances. He was sentenced to five consecutive five-year sentences on each of the counts. Pursuant to section 775.084, Fla. Stat. (1977), habitual offender statute, the trial court added five years to each count as an enhanced penalty resulting in five consecutive 10 year sentences on each count. The court enhanced the penalty based on its finding that
[t]he defendant was convicted of the felony offense of Armed Robbery in Superior Court of Catoosa County, Georgia on the 25th day of September, A.D., 1972. The defendant was further convicted of the misdemeanor of the first degree (escape, on the 25th day of September, A.D., 1972), in the Superior Court, Catoosa County, Georgia.
As additional reasons for enhancement, the court referred to other convictions between 1966 and 1978 but it did not do so with the specificity needed to determine whether the dictates of the statute were met.
In order to satisfy the requirements of the habitual offender statute each successive conviction must be for a crime committed after the previous conviction. Lovett v. Cochran, 137 So.2d 572 (Fla. 1962). The trial court's findings are equivocal; from them we cannot discern with reasonable certainty whether appellant was convicted of armed robbery and escape in Georgia on the same day or whether his escape and conviction therefor were subsequent to his armed robbery conviction. We issued a show cause order to appellee for clarification in this regard and it responded that it was unable to show cause why this case should not be reversed and remanded for reconsideration.
REVERSED and REMANDED.
ERVIN and NIMMONS, JJ., concur.