567 So.2d 546 (1990)
Romerio Latee WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 90-00015.
District Court of Appeal of Florida, Second District.
October 3, 1990.
James Marion Moorman, Public Defender, Bartow, and Megan Olson, Assistant Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michele Taylor, Asst. Atty. Gen., Tampa, for appellee.
PATTERSON, Judge.
Romerio Latee Walker pleaded guilty to escape and was sentenced to three and one-half years' incarceration. The trial court also adjudicated Walker a habitual offender. On appeal, Walker contends that the trial court erred in habitualizing him because all of his prior felony convictions were rendered on the same date.
To be a "habitual offender" before the 1988 amendments to Florida's Habitual Offender Act, a defendant must have had successive felony convictions. Convictions that were entered on the same date were treated as a single offense. See Shead v. State, 367 So.2d 264 (Fla. 3d DCA 1979). We find nothing in the 1988 amendments to change that rule.
Section 775.0841, Florida Statutes (1988 Supp.), provides:
775.0841 Legislative Findings and Intent. The Legislature hereby finds that a substantial and disproportionate number of serious crimes is committed in Florida by a relatively small number of multiple and repeat felony offenders, commonly known as career criminals. The Legislature further finds that priority should be given to the investigation, apprehension, and prosecution of career criminals in the use of law enforcement resources and to the incarceration of career criminals in the use of available prison space. The Legislature intends to initiate and support increased efforts by state and local law enforcement agencies and state attorneys' offices to investigate, apprehend, and prosecute career criminals and to incarcerate them for extended terms.
*547 This statement of legislative intent does not suggest that a defendant whose previous convictions were entered on the same date now qualifies for habitualization. See Taylor v. State, 558 So.2d 1092 (Fla. 5th DCA 1990).
Reversed and remanded for resentencing.
LEHAN, A.C.J., and FRANK, J., concur.