576 So.2d 758 (1991)
Anthony T. BARNES, Appellant,
v.
STATE of Florida, Appellee.
No. 89-3287.
District Court of Appeal of Florida, First District.
February 22, 1991.
Rehearing Denied April 9, 1991.
Barbara M. Linthicum, Public Defender and Michael J. Minerva, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
Before the Court en banc.
*759 MINER, Judge.
Anthony T. Barnes seeks reversal of his enhanced sentence as an habitual felony offender following his convictions for battery and grand theft auto. He argues two points on appeal: (1) that the 1988 version of the habitual offender statute is unconstitutional, and (2) that he did not qualify as an habitual felony offender because his only two prior convictions occurred on the same date. Because we find merit in this latter argument, we must reverse appellant's habitual offender sentence without proceeding to his constitutional challenge.
The record reveals that appellant was found guilty of battery and grand theft auto, both of which he committed on May 28, 1989. The state filed notice of its intent to have appellant sentenced as an habitual felony offender based upon a pair of previous felonies. At the sentencing hearing, it was revealed that the two previous felonies were committed only days apart in September 1987. Although they were charged separately, appellant pled guilty or nolo contendere to both offenses on the same day, and was subsequently sentenced for both felonies at one sentencing hearing.
At trial, appellant argued that his prior felonies were not a proper basis for habitualization. Appellant cited a long line of authority holding that, in order to count as a previous offense for purposes of habitualization, each offense must follow a conviction for the immediately previous offense; in short, there must be a sequence of offense and conviction followed by a second offense and a second conviction, and so on. According to appellant, the state could not establish such a sequence because both of his previous felonies were committed prior to conviction for his first offense. The state responded by arguing that the long line of authority cited by appellant was inapplicable to the 1988 version of the habitual offender statute. According to the state, the 1988 statute made no mention of sequential convictions, but only required a finding that appellant had "previously been convicted of two or more felonies." § 775.084(1)(a)1, Fla. Stat. (Supp. 1988). The trial court was persuaded that appellant, having been previously convicted of two felonies, met the definition of an habitual offender regardless of the sequence by which his convictions were obtained.
In their thorough briefing of this issue, counsel have covered over forty years of Florida's experience with habitual offender provisions. Appellant begins by citing Joyner v. State, 158 Fla. 806, 30 So.2d 304 (1947), in which the supreme court, interpreting an early version of the habitual offender statute, held that except for the first and earliest conviction, each successive conviction relied upon to habitualize a defendant must be for an offense committed after the immediately previous conviction. Appellant quotes Shead v. State, 367 So.2d 264 (Fla. 3d DCA 1979), for its clear explanation of the rule:
[I]t is the established law of this state, as well as the overwhelming weight of authority throughout the country, that, when the statute requires two or more convictions as a prerequisite to an enhanced sentence on a present case, the defendant must have committed the second offense subsequent to his conviction on the first offense. Two or more prior convictions rendered on the same day are, therefore, treated as one offense for purposes of such a provision in a habitual criminal statute.
Id. at 266. This "sequential conviction requirement," which appellant terms the Joyner-Shead principle, necessitated that each of the prior offenses be separated by a conviction. Appellant stresses that this rule, rather than being based upon the precise language of a specific habitual offender provision, was premised upon the belief that such statutes "contemplated that an opportunity for reformation ... be given after each conviction." Joyner, 30 So.2d at 306. Thus, appellant notes, the sequential conviction requirement has been applied throughout the years to all versions of the statute, including the 1988 version at issue in Taylor v. State, 558 So.2d 1092 (Fla. 5th DCA 1990), and in Walker v. State, 567 So.2d 546 (Fla. 2d DCA 1990).
*760 Appellee argues that reliance upon Joyner and its progeny is misplaced because, stated simply, the 1988 habitual offender statute is worded differently than all of its predecessors. Appellee points out that it was the 1941 version of the habitual offender provision at issue in Joyner. That provision, which came into existence in 1927 and continued in effect through 1971, included a two-tiered scheme for punishing habitual felons. Contrary to appellant's suggestion that the sequential conviction requirement was not based upon statutory language, appellee points out that the requirement has its origins in the language of the lower tier, where enhanced penalties were authorized upon conviction for a felony offense if the defendant committed the offense "after having been convicted ... of a felony." § 775.09, Fla. Stat. (1941). Because sequential convictions were clearly required in the lower tier, it was only logical to extend the sequencing to the upper tier where enhanced penalties were authorized upon conviction for a felony offense if the defendant committed the offense "after having been three times convicted ... of felonies." § 775.10, Fla. Stat. (1941). In fact, appellee cites language in Joyner which indicates that the sequential conviction requirement originated in precisely this fashion, and that Joyner simply extended the sequence into the upper tier.[1]
Appellee argues that because the sequential conviction requirement originated in the two-tiered habitual offender scheme, the demise of the scheme in 1972 should have brought with it a departure from Joyner and the sequential conviction requirement. Although appellee notes that the supreme court has not addressed the requirement since the demise of the two-tiered scheme, various district courts, including the Third District in Shead, supra, have continued to require sequential convictions on the authority of Joyner. According to appellee, the plain meaning of the 1988 statute does not require sequential convictions because it authorizes enhanced sentences for defendants who had "previously been convicted of two or more felonies." § 775.084(1)(a)1, Fla. Stat. (Supp. 1988). This language does not require separate convictions or that there be some gap between the offenses, but merely demands that the habitualized defendant be someone who has previously been found to have committed at least two felonies.
We agree with appellee that the sequential conviction requirement derived from the old, two-tiered habitual offender provision. We disagree with appellee's conclusion, however, that the requirement should have disappeared when the two-tiered system was discarded. From the time the two-tiered scheme was abandoned in 1972, up until the adoption of the 1988 version, it was at least open to question whether sequential convictions were required. As originally promulgated, section 775.084, authorized the imposition of habitual offender sanctions upon the defendant's second felony conviction. § 775.084(1)(c)-(d), Fla. Stat. (1971). It was reasonable, and in keeping with the majority rule in other jurisdictions, to interpret the new provision to require sequential convictions as did its predecessor, section 775.09; both statutes imposed habitual offender status upon the defendant's second conviction. After 1975, section 775.084 imposed habitual offender status upon defendants who had "previously been convicted of a felony" or had *761 "twice previously been convicted of a misdemeanor." § 775.084(1)(a)1, Fla. Stat. (1987). Although this represented a further departure from the two-tiered scheme, there was still room for the sequential conviction requirement.[2] It was proper to require sequential convictions where habitualization was based upon a single prior felony conviction because, in addition to the reasons mentioned above, the sequential conviction requirement insured that the defendant had an opportunity to reform following his initial felony conviction. See Snowden v. State, 449 So.2d 332, 338 (Fla. 5th DCA 1984), quashed on other grounds, 476 So.2d 191 (Fla. 1985). Where habitualization was based upon misdemeanors, it was at least implicit in the language "twice previously convicted" that the offenses be committed separately and that the convictions be obtained in separate proceedings. See Shead, supra.
Section 775.084 underwent extensive amendment in 1988. As amended, the statute permits habitualization where "[t]he defendant has previously been convicted of two or more felonies in this state." § 775.084(1)(a)1, Fla. Stat. (Supp. 1988). Unlike the earlier language which appeared to require that the convictions be obtained on two separate occasions, nothing in the amended version suggests that the offenses be separated in time or that the convictions be obtained in separate proceedings. Appellant is within the plain meaning of this language as he had previously been convicted of the requisite number of felonies at the time he committed the principal offense. Although appellee would have us end our inquiry at this point and affirm appellant's enhanced sentence, we must further inquire whether obvious legislative intent mandates an interpretation exceeding the literal language of the statute. Byrd v. Richardson-Greenshields Securities, Inc., 552 So.2d 1099, 1102 (Fla. 1989); see State v. Webb, 398 So.2d 820, 824 (Fla. 1981).
Up until the 1988 amendments, the purpose behind Florida's habitual offender provision had been to protect society from those criminals who persisted in crime after having been given opportunities to reform. As noted previously, the sequential conviction requirement is a means of insuring that defendants have the chance to reform prior to being treated as habitual offenders. This was true when the requirement had a basis in the language of the habitual offender provision, see Joyner, supra, and continued to be true long after the old two-tiered provision was discarded, see Shead, supra. Although the 1988 amendments brought a change in language which seemed to leave little room for sequential convictions, the amendments do not appear to have brought a corresponding change in the purpose of the statute. There is no indication that in amending section 775.084 the legislature sought to alter the purpose behind the habitual offender provision or to excise the sequential conviction requirement that had long been a part of the law. Had the legislature intended to overturn long-standing precedent and the construction that the courts had placed on the statute, then it was obliged to use unmistakable language to achieve its objective. See State ex rel. Housing Authority of Plant City v. Kirk, 231 So.2d 522, 524 (Fla. 1970); American Motors Corp. v. Abrahantes, 474 So.2d 271, 274 (Fla. 3d DCA 1985). Not only did *762 the legislature fail to use unmistakable language, but it is doubtful that any change in the sequential conviction requirement was intended or contemplated. Having examined the staff analyses for the Senate and House Committee on Criminal Justice, we find no indication of a shift in legislative intent, nor is there a suggestion that the change in language was directed at the sequential conviction requirement. See Senate Staff Analysis, S. Bill 307, June 1, 1988, p. 2; House of Representatives Committee on Criminal Justice, Staff Analysis, H. Bill 1710, May 20, 1988, pp. 1-2.
In short, sequential convictions are not required by the plain meaning of section 775.084(1)(a)1, Florida Statutes (Supp. 1988). However, because the sequential conviction requirement is necessary to carry out the purpose and intent of the habitual offender statute, we hold that habitualization must be supported by sequential convictions in the 1988 version of the statute. Although this is consistent with the position taken by the fifth and second districts,[3] and is also the rule in the vast majority of jurisdictions,[4] we are aware that our holding interprets the statute in a manner that goes beyond the plain language of the provision. Consequently, we certify the following question as one of great public importance:
WHETHER SECTION 775.084(1)(a)1, FLORIDA STATUTES (SUPP. 1988), WHICH DEFINES HABITUAL FELONY OFFENDERS AS THOSE WHO HAVE "PREVIOUSLY BEEN CONVICTED OF TWO OR MORE FELONIES," REQUIRES THAT EACH OF THE FELONIES BE COMMITTED AFTER CONVICTION FOR THE IMMEDIATELY PREVIOUS OFFENSE?
Because we find that sequential convictions were required, we must reverse appellant's enhanced sentence and remand the case for resentencing.
SHIVERS, C.J., ERVIN, SMITH and WIGGINTON, JJ., concur.
ZEHMER, J., specially concurring with opinion.
WOLF, J., concurring in part, dissenting in part with opinion in which BOOTH, JOANOS, NIMMONS and BARFIELD, JJ., concur.
ZEHMER, Judge (specially concurring).
I agree with the thorough analysis in the majority opinion authored by Judge Miner. Indeed, I had thought that this construction and application of section 775.084, Florida Statutes, was well settled in this state. All five of the district courts of appeal have recently approved this construction of the amended statute based on long-standing legal principles that have not been directly changed by the specific language of any amendments to that section.
Notice should be taken, however, of the inconsistent positions recently taken by the Attorney General's office concerning the construction and application of section 775.084. The Attorney General argues in the state's brief filed in this appeal that two felony convictions obtained at the same time are sufficient to satisfy section 775.084 as amended in 1988, and further contends that the 1989 amendment to that section[5] "clearly indicates the intent of the legislature to sentence as a habitual offender a defendant with two prior felony convictions, even if the convictions were entered on the same day." (Answer Brief, p. 7). The brief argues that "the 1989 amendment reflects an intent to habitualize a felony offender regardless of whether the qualifying convictions were entered simultaneously, and that that intent should guide the construction of the 1988 statute." (Id. at 7-8).
*763 Not long ago this court was presented with this same issue in Lawley v. State, 556 So.2d 430 (Fla. 1st DCA 1989). In that case, this court was unable to discern from the papers and record before it whether the two prior convictions relied on by the state to support application of the habitual offender statute occurred on the same date or were successive convictions, that is, based on convictions for offenses committed after a prior conviction, as required by Lovett v. Cochran, 137 So.2d 572 (Fla. 1962). "We issued a show cause order to appellee for clarification in this regard and it responded that it was unable to show cause why this case should not be reversed and remanded for reconsideration." Id. at 431. The obvious import of this confession of error was agreement with this court's view that successive convictions in the sense stated above, not simultaneous convictions, were necessary to satisfy the requirements of the habitual offender statute.
This month the Fourth District Court of Appeal in Williams v. State, 573 So.2d 451 (4th DCA 1991), reversed a habitual felony offender sentence predicated on two previous convictions entered on the same date. Judge Frank's concise opinion states:
The appellant challenges the habitual offender sentence imposed by the trial court. He urges, and the state concedes, that the two previous convictions relied upon for the imposition of a habitual offender sentence were entered on the same date. The court in Taylor v. State, 558 So.2d 1092 (Fla. 5th DCA 1990), held that in order to be relied upon to sentence a defendant as a habitual offender, a second conviction must occur subsequent to the initial conviction. A like result was reached in Walker v. State, 567 So.2d 546 (Fla. 2d DCA 1990).
The appellant's habitual offender sentence based upon contemporaneous convictions is vacated and this matter is remanded for resentencing.
We have obtained from the fourth district a copy of the Attorney General's brief filed in that case, and find that it confesses error in one sentence: "Appellee concedes that Appellant's sentencing was incorrect pursuant to Joiner [Joyner] v. State [158 Fla. 806], 30 So.2d 304 (Fla. 1947); Taylor v. State, 15 F.L.W. 828 [558 So.2d 1092] (Fla. 5th DCA March 29, 1990)." (Answer Brief in Williams at p. 4).
Last month, the Third District Court of Appeal in Collazo v. State, 573 So.2d 209 (Fla. 3d DCA 1991), likewise construed section 775.084(1)(a), as amended in 1989, to require sequential or successive convictions in the sense stated above pursuant to the statutory language requiring previous convictions of two or more felonies. The court explicitly held:
Appellant was sentenced as a habitual offender based on two prior felony convictions. Appellant contends, and the state concedes, that the sentence was improper because the two prior convictions arose out of the same criminal episode, and were entered on the same day.
We agree. Convictions entered on the same date, and arising from the same criminal episode, are treated as a single offense. Walker v. State, 567 So.2d 546 (Fla. 3d DCA 1990); Taylor v. State, 558 So.2d 1092 (Fla. 5th DCA 1990); Lawley v. State, 556 So.2d 430 (Fla. 1st DCA 1989); Shead v. State, 367 So.2d 264 (Fla. 3d DCA 1979).
Id. at 209. (Emphasis added.) We also have obtained a copy of the state's brief in Collazo from the third district and determined that the basis of the state's confession of error in that case was as follows:
The State concedes that under present Florida law the prior convictions relied upon by the State to satisfy the statutory requirements of the habitual offender statute must be successive; one conviction must have occurred prior to the other offense. See Shead v. State, 367 So.2d 264 (Fla. 3d DCA 1979); Lawley v. State, 556 So.2d 430 (Fla. 1st DCA 1989); Wilken v. State, 531 So.2d 1011 (Fla. 4th DCA 1988); Joyner v. State, 158 Fla. 806, 30 So.2d 304 (1947). Based on this case law the instant case should be remanded for resentencing.
(Answer Brief in Collazo at p. 5).
It is readily apparent, therefore, that the state's confessions of error in Williams *764 and Collazo, as well as in Lawley, were based on a construction of the statutory language in section 775.084(1) that directly conflicts with the construction being urged in its argument being made to this court in the instant case.
The critical element of the legal theory underlying the habitual felony offender statute is not the date of commission of both crimes, but whether the first conviction occurred prior to the commission of the second offense, as Judge Miner so aptly points out. Thus, no controlling significance should be attributed to the third district's reference in Collazo to the fact that both criminal offenses arose out of the same criminal episode; that fact is clearly irrelevant under the long-standing legal theory of the statute expressed in the supreme court's Joyner and Lovett decisions. Moreover, treating the two felony convictions as a single offense solely because they arose out of a single criminal episode would be in conflict with the provisions of section 775.021, Florida Statutes, which sets forth clear legislative intent that a criminal defendant committing two or more offenses (felonies) in the course of one criminal transaction or episode is to be sentenced separately for each criminal offense, with imposition of either concurrent or consecutive sentences for each such offense. Nothing in the language of section 775.084(1) as amended in 1988 or 1989 suggests a clear, unambiguous legislative intent to recede from this long-recognized theoretical underpinning of the habitual offender statute so as to make the statute applicable when two felony convictions are obtained on the same day, provided the two convictions do not arise out of the same episode or transaction. Nothing in the amended language of section 775.084(1) suggests that the trial court should look behind the date and fact of the prior convictions to learn the evidentiary basis of the alleged prior conviction to make this determination; on the contrary, section 775.084(1) speaks in terms of a defendant's having committed a felony "within 5 years of the date of the conviction of the last prior felony or other qualified offense of which he was convicted ..." or the date of release from a prison sentence served pursuant to a prior felony conviction. Therefore, being unable to discern any compelling reason in law for overturning the long-standing legal theory generally accepted as the basis for habitual offender statutes, I concur in the majority opinion that keeps this court aligned with the cited decisions of the other four district courts of appeal and the supreme court. Moreover, it is obvious that some members of the attorney general's staff representing the state in criminal cases also hold this same view.
It should be noted that the state's inconsistent arguments regarding the application of this statutory provision has caused this court to needlessly expend considerable judicial time and labor over a seemingly settled point of law. There are currently pending before the judges of this court approximately two dozen criminal appeals raising the same issue as that presented in this case. The court has found it necessary to consider this issue en banc to resolve the conflicting arguments being made by the state. It is in the state's interest, and especially in the interest of the efficient operation of the state court system, that procedures be established by the attorney general to ensure that state criminal statutes are construed and applied consistently in the criminal cases pending in the courts of this state. The district courts of appeal are overburdened with criminal appeals as it is, and no useful purpose is served by the courts having to devote scarce time to resolve individual attorneys' inconsistent arguments regarding the construction of the criminal statutes that must be enforced uniformly throughout the entire state.
Within the past two years all five district courts of appeal in this state have decided this issue adversely to the state's argument in this case, so there obviously is no conflict between decisions of these courts. The district court decisions are based on legal principles consistently and uniformly recognized and applied since the supreme court's Joyner decision in 1947. Nothing in the statutory language of the 1988 or 1989 amendments to section 775.084 clearly and unambiguously demonstrates any legislative *765 intent to change these established legal principles governing the construction and application of the habitual offender statute. Absent clear and unambiguous language evidencing legislative intent to change or abrogate these long-standing legal principles governing the application of the habitual offender statute, the courts should refrain from reinterpreting and repudiating those long-standing principles. That is the function of the legislature, not the courts, for the court cannot ascertain nor be certain that the statute was not amended with the expectation of continued application of these long-standing principles. Stability in the law is too important a consideration to justify our doing so. In view of the unanimity of rulings by all district courts of appeal on the question now before us, I am unable to agree that the court should revisit the statute and change these principles; there is simply no question of great public importance presented. Accordingly, I decline to concur in certifying the question set forth in the majority opinion.
WOLF, Judge, concurring in part, dissenting in part.
I concur with the decision of the majority to certify the question as one of great public importance, but in all other respects, I must respectfully disagree with the well-researched and well-written opinion of the majority. The majority opinion recognizes that the plain meaning of section 775.084(1)(a), Florida Statutes (Supp. 1988), does not require that the second felony be committed after a conviction has been obtained as to the first felony. The opinion states, however, that the cases of Byrd v. Richardson-Greenshields Securities, Inc., 552 So.2d 1099 (Fla. 1989), and State v. Webb, 398 So.2d 820 (Fla. 1981), require that the court inquire as to "whether obvious legislative intent mandates an interpretation exceeding the literal language of the statute." The majority utilizes court interpretations of earlier statutes with less clear statutory language and other extrinsic aids of statutory construction to determine obvious legislative intent. Such analysis is inappropriate where the statute is neither ambiguous nor unclear and where there is no other obvious legislative policy expressed by the Legislature which conflicts with the literal interpretation.[6]See White v. Pepsico, Inc., 568 So.2d 886 (Fla. 1990); Board of County Comm'rs v. Department of Community Affairs, 560 So.2d 240, 242 (Fla. 3rd DCA 1990).
Section 775.084(1)(a), Florida Statutes (1989), provides that a defendant qualifies as a "habitual felony offender" if "the defendant has previously been convicted of any combination of two or more felonies in this state or other qualified offenses." (Emphasis added). The language is clear and definite. Nothing in this statute speaks to the necessity of the felony convictions occurring in a special sequence.[7] Furthermore, there is no express legislative intent which would preclude utilizing the plain meaning of the statute.
The opinions in Joyner v. State, 158 Fla. 806, 30 So.2d 304 (1947), Shead v. State, 367 So.2d 264 (Fla. 3rd DCA 1979), and Lawley v. State, 556 So.2d 430 (Fla. 1st DCA 1989), addressed statutory language which is substantially different and far less clear than the language contained in the 1988 and 1989 versions of the habitual offender statute.
The case of Collazo v. State, 573 So.2d 209 (Fla. 3rd DCA 1991), relied on in Judge Zehmer's concurring opinion, is also not convincing authority.[8] In Collazo, as in *766 the instant case (Barnes), the prior convictions occurred on the same day, but unlike Barnes, the convictions also arose out of the same criminal episode. The Collazo court held that "Convictions entered on the same date, arising from the same criminal episode, are treated as a single offense." Id. (emphasis added). I do not believe convictions arising out of different criminal episodes should be treated as a single offense.
In a situation such as we have in the instant case, the courts should refrain from legislating and follow the legislative intent as expressed in the unambiguous language of the statute itself. Graham v. State, 472 So.2d 464 (Fla. 1985).
BOOTH, JOANOS, NIMMONS and BARFIELD, JJ., concur.
NOTES
[1] In Joyner, the supreme court reasoned as follows:

The present Sections ... provide in terms that the second offense must have been committed subsequent to the first conviction. So in the instant case no information ... would have been available to charge conviction of the second offense ... under Section 775.09.
If there was no second offense chargeable as contemplated by the statute certainly such second conviction could not be used as a basis for charging the offense contemplated by Sec. 775.10.
Sec. 1 of the 1927 Act, now Sec. 775.09, fixed the standard for the determination of the question as to whether or not one could be prosecuted as a second or subsequent offender and, as hereinbefore, said, without it being required that the second offense should have been committed after the first conviction and that the third offense should have been committed after the second conviction, and so on. Under the standard so fixed, the requirement is clearly apparent... .
Joyner, 30 So.2d at 306.
[2] In Wilken v. State, 531 So.2d 1011 (Fla. 4th DCA 1988), the Fourth District applied the sequential conviction requirement to the habitual misdemeanant provision in section 775.084, Florida Statutes (1987). Although sequential convictions were found to be required by Joyner and Shead, the court recognized that this was a "gloss" upon the statute which was no longer specifically required by the statute's language. The Fourth District noted its reservations as follows:

Even though the above principle [the sequential conviction requirement] was said to be implicit in the statutes, Joyner mentions that the habitual offender statutes in effect in 1947 made explicit reference to the requirement that the second offense have been committed after conviction for the first. Inspection indicates this was found in then section 775.09, but not the two succeeding sections which also were habitual offender statutes. We find no such language in the present statute, which appears to be something more than a mere rewrite of previous law.
Wilken, 531 So.2d at 1011-12, (emphasis added).
[3] See Taylor v. State, 558 So.2d 1092 (Fla. 5th DCA 1990); Walker v. State, 567 So.2d 546 (Fla. 2d DCA 1990).
[4] See Annotation, "Chronological or Procedural Sequence of Former Convictions as Affecting Enhancement of Penalty for Subsequent Offense Under Habitual Criminal Statutes," 24 A.L.R.2d 1247 (1952).
[5] Chapter 89-280, Laws of Florida (1989), amended section 775.084(1)(a) to read: "The defendant has previously been convicted of any combination of two or more felonies in this state... ." (amending language is underlined).
[6] In State v. Webb, supra, the court determined that a literal reading of the statute would be in express conflict with the legislative purpose as stated in the title of the enactment. In Byrd, the court determined that public policy expressed in other state and federal statutory enactments against sexual harassment would preclude the normal broad interpretation of the statutory workers' compensation immunity. Neither case is applicable to an interpretation of § 775.084, Fla. Stat.
[7] While several conditions are specified in the statute, there is no requirement that a person had to be convicted of the first felony prior to the commission of the second felony.
[8] While I share some of Judge Zehmer's concerns with the state's concession in that case, such concession is not necessarily controlling in the instant case which involves distinguishable facts. In addition, the fourth district case of Williams v. State, 573 So.2d 451 (Fla. 4th DCA 1991), does not provide any further clarification of the issue, but merely accepts prior opinions.