WOLF, Judge,
specially concurs.
For the reasons expressed in my dissent in Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991), I feel that the trial court did not err in sentencing the defendant as a habitual felony offender. I do, however, feel we are bound by the decision in Barnes and would, therefore, concur in the opinion of this court.
ORDER ON MOTION FOR CERTIFICATION
PER CURIAM.
On motion of the appellee, State of Florida, we certify to the Supreme Court of Florida, the same question certified in Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991), as a matter of great public importance:
WHETHER SECTION 775.084(l)(a)l, FLORIDA STATUTES (1989), WHICH DEFINES HABITUAL FELONY OFFENDERS AS THOSE WHO HAVE “PREVIOUSLY BEEN CONVICTED OF ANY COMBINATION OF TWO OR MORE FELONIES IN THIS STATE OR OTHER QUALIFIED OFFENSES,” REQUIRES THAT EACH OF THE FELONIES BE COMMITTED AFTER CONVICTION FOR THE IMMEDIATELY PREVIOUS OFFENSE?
SMITH, BARFIELD and WOLF, JJ., concur.