WOLF, Judge.
Andrew E. Johnson seeks reversal of his enhanced sentence as a habitual felony offender after pleading nolo conten-dere to one second degree felony and six third degree felonies, as well as admitting to violations of four separate probations. He argues two points on appeal: (1) That he did not qualify as a habitual felony offender because his four prior convictions occurred on the same date; (2) that the trial court erred in revoking defendant’s probation and in sentencing outside the guidelines without providing written reasons for the departure. We find merit in both contentions. We, therefore, vacate the sentences and remand for resentencing.
Appellant was originally convicted on April 18, 1988, of four felonies. All the felonies arose out of separate criminal episodes, but pleas were taken and convictions entered on the same date. Appellant was placed on probation for all four felonies.
Subsequently, the defendant was charged with seven additional felonies which were committed after April 18, 1988. The defendant entered a nolo contendere plea to the seven felonies. The trial judge adjudged the appellant to be a habitual felony offender based on the four prior convictions, and appellant was sentenced to concurrent 10-year prison terms on each felony to be followed by a five-year probation.
The appellant was also sentenced to concurrent 10-year prison terms for the violations of probation. The recommended guideline sentence was four and one-half to five and one-half years’ incarceration with a permitted range of three and one-half to seven years. No written reasons for the departure were entered.[1]
In light of this court’s recent ruling in Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991), we determine that the trial *436 judge erred in finding appellant to be a habitual felony offender since all of his prior convictions had been entered on the same date. While we find merit in the appellee’s argument that the appellant should be considered to be a habitual felony offender, we are bound by the decision of this court in Barnes. As in Barnes, we do, however, certify the following question as one of great public importance:
WHETHER SECTION 775.084(l)(a)l, FLORIDA STATUTES (SUPP.1988), WHICH DEFINES HABITUAL FELONY OFFENDERS AS THOSE WHO HAVE “PREVIOUSLY BEEN CONVICTED OF TWO OR MORE FELONIES,” REQUIRES THAT EACH OF THE FELONIES BE COMMITTED AFTER CONVICTION FOR THE IMMEDIATELY PREVIOUS OFFENSE?
We also determine that the trial court’s sentence exceeded the one-cell departure permitted by Lambert v. State, 545 So.2d 838 (Fla.1989), when sentencing for violations of probation.
The sentence of the appellant is, therefore, vacated, and we remand to the trial court for resentencing.
JOANOS and BARFIELD, JJ., concur.

. It appears from the record that the trial judge felt that these sentences were justified as a result of the appellant’s status as a habitual felony offender. Appellant, however, was never adjudged to be a habitual felony offender as to these charges.