SHIVERS, Chief Judge.
This appeal is from the trial court’s classification of Barnhart as a habitual offender. Of the four issues Barnhart raises, we find that one has merit.
Barnhart entered a plea of nolo conten-dere to escape, attempted burglary, three counts of forgery and three counts of uttering a forgery. The offenses were committed on December 7, 1988. The trial court classified and sentenced Barnhart as a habitual offender based on four prior felony convictions which arose from separate events and were entered on April 18, 1988. Because all four prior felony convictions were entered on the same day, the trial court erred in finding Barnhart to be a habitual offender. Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991) (en banc). As in Barnes, we certify the following question to be one of great public importance:
WHETHER SECTION 775.084(l)(a)(l), FLORIDA STATUTES (SUPP.1988), WHICH DEFINES HABITUAL FELONY OFFENDERS AS THOSE WHO HAVE “PREVIOUSLY BEEN CONVICTED OF TWO OR MORE FELONIES,” REQUIRES THAT EACH OF THE FELONIES BE COMMITTED AFTER CONVICTION FOR THE IMMEDIATELY PREVIOUS OFFENSE?
REVERSED AND REMANDED.
SMITH, J., concurs.
NIMMONS, J., specially concurs, with opinion.