WIGGINTON, Judge.
Appellant appeals five sentencing orders, which were entered on the same day, imposing sentences for violations of community control and for new crimes. We affirm in part, and reverse and remand in part for resentencing.
We find no merit in the arguments raised by appellant but, sua sponte, we note sentencing errors as to the habitual offender classification of appellant in four of the five judgments and sentences appealed. In case numbers 89-2802, 89-2908 and 89-3042, in all of which appellant was sentenced on July 20, 1989, appellant was improperly classified as an habitual offender pursuant to section 775.084(l)(a)l, Florida Statutes, since no prior felonies were shown to precede the four felony convictions arising from those three cases, and those convictions and sentences were not sequential. Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991).
Similarly, at the December 20, 1989 sentencing in case number 89-5544, which resulted in two felony convictions for crimes committed on November 4, 1989, appellant was classified by the trial judge as an habitual offender based on the prior felony convictions in the three cases for which appellant was sentenced on July 20, 1989. Again, since the July 20, 1989 prior felony convictions were not sequential, they do not support classification of appellant as an habitual felony offender pursuant to 775.084. Barnes.
However, as to the four felony convictions in case number 90-623 for crimes committed on February 2, 1990, for which appellant was sentenced on May 22, 1990, classification of appellant as an habitual felony offender based on the two prior sets of judgments and sentences occurring on July 20, 1989 and December 20, 1989 was appropriate. Therefore, his classification as an habitual offender and the enhanced sentences imposed in case number 90-623 are affirmed. However, the enhanced sentences imposed pursuant to section 775.084, Florida Statutes, in case numbers 89-2802, 89-2908, 89-3042 and 89-5544 are reversed and this cause is remanded for resentenc-ing in those cases without classification of appellant as an habitual felony offender. As in Barnes, we certify the following question as one of great public importance:
WHETHER SECTION 775.084(l)(a)l, FLORIDA STATUTES, WHICH DEFINES HABITUAL FELONY OFFENDERS AS THOSE WHO HAVE “PREVIOUSLY BEEN CONVICTED OF TWO OR MORE FELONIES,” REQUIRES THAT EACH OF THE FELONIES BE COMMITTED AFTER CONVICTION FOR THE IMMEDIATELY PREVIOUS OFFENSE?
See also Razz v. State, 576 So.2d 901 (Fla. 1st DCA 1991).
AFFIRMED in part, and REVERSED and REMANDED in part for resentencing.
ERVIN, J., and WENTWORTH, Senior ■ Judge, concur.