PER CURIAM.
We reverse appellant’s sentence as a habitual offender and remand for resentenc-ing, but affirm as to the remaining issues.
The trial judge’s “Order Imposing Sentence” incorrectly listed grand theft and sale or delivery of cocaine as the qualifying convictions. At the sentencing hearing the trial judge had ruled those convictions to be inadmissible and announced that he relied on two prior robbery convictions. However, the state concedes that those robbery convictions occurred on the same date. See Williams v. State, 573 So.2d 451 (Fla. 4th DCA 1991) and Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991) (en banc) (habitualization must be supported by sequential convictions).
AFFIRMED IN PART; REVERSED IN PART AND REMANDED FOR RESEN-TENCING.
HERSEY, STONE and GARRETT, JJ., concur.