HALL, Judge.
The appellant challenges his conviction for dealing in stolen property, as well as the revocation of his probation. He alleges that five errors were committed during his trial warranting a reversal of his conviction for dealing in stolen property and that the revocation of his probation was erroneous. We disagree and find no merit in these contentions.
We do find, however, that the trial court erred in declaring the appellant a habitual offender and enhancing his sentence.
The record reveals that, although the appellant had eight prior, Florida felony convictions, those convictions were all entered on the same date, November 14, 1986. Therefore, those eight convictions must be treated as one conviction for the purpose of sentencing the appellant as a habitual offender. McLeod v. State, 583 So.2d 1045 (Fla. 1st DCA 1991); Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991); Walker v. State, 567 So.2d 546 (Fla. 2d DCA 1990).
In addition, we find that the trial court erred in considering any Ohio convictions in its habitual offender finding because the appellant committed the instant crime on August 23, 1989, and the amendment to section 775.084, Florida Statutes (1987), allowing consideration of out of state felonies towards the necessary two prior felony convictions for a habitual offender classification did not become effective until October 1, 1989. § 775.084, Fla. Stat. (1989).
We therefore reverse the enhancement of the appellant’s sentence pursuant to the habitual offender statute and remand with directions consistent herewith. We affirm the appellant’s conviction and sentence for dealing in stolen property, as well as the revocation of his probation and the sentences entered pursuant to those revocations.
SCHEB, A.C.J., and FRANK, J., concur.