PER CURIAM.
Palmore challenges his sentence as a habitual felony offender on the grounds that 1) the prior convictions all occurred on the same date, 2) the convictions used to enhance his sentence were entered after the appellant committed the *136 instant offenses, and 3) the lower court used a juvenile adjudication as one of the predicate offenses. We need not address the question of whether or not the trial court appropriately relied on a juvenile adjudication. The result in this case is controlled by Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991), which holds that use of simultaneous convictions does not satisfy the statutory requirement of two or more prior convictions under the habitual offender statute. Furthermore, we find that Palmore’s sentence must be reversed under Brooks v. State, 578 So.2d 893 (Fla. 1st DCA 1991), as the offenses for which the appellant was sentenced occurred before the date of the convictions upon which the lower court relied as “prior convictions.” See also Snowden v. State, 449 So.2d 332 (Fla. 5th DCA 1984), quashed on other grounds in State v. Snowden, 476 So.2d 191 (Fla.1985).
We therefore vacate the sentence and remand for resentencing.
WIGGINTON and WOLF, JJ., and WENTWORTH, Senior Judge, concur.