JOANOS, Chief Judge.
Appellant seeks review of the trial court’s order denying his amended motion for post-conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the trial court’s order denying relief, without prejudice to appellant’s right to file a Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence.
In his amended motion, appellant challenged his sentence as an habitual felony offender, alleging that such sentence was illegal because he had only one prior felony conviction, and his guilty plea was coerced. The order denying the motion for post-conviction relief reflects that denial was predicated on appellant’s failure to allege new or different grounds for relief than the grounds asserted in his prior motion, upon which post-conviction relief had been denied, and that such denial was a determination on the merits.
Because the order denying relief was not predicated upon the legal insufficiency of the motion, and was not supported by copies of the records relied upon to deny relief, an order was issued directing the trial court to forward copies of the prior motion and order disposing of the motion. Our examination of these documents reveals that appellant’s amended motion is identical to the prior motion, and ordinarily would warrant summary denial as an abuse of process. See Fla.R.Crim.P. 3.850. However, the copies of appellant’s 1987 judgment and conviction for three counts of burglary indicate that although these of *309 fenses occurred at separate times and places, sentencing on all three counts occurred on November 9, 1987.
It is well settled that sequential convictions are required for habitual offender sentencing, notwithstanding that sentencing is being accomplished for multiple offenses arising from separate incidents. See Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991), and cases cited therein.
Accordingly, the order denying post-conviction relief is affirmed, without prejudice to filing a Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence, pursuant to the holding in Barnes.
ERVIN, J., concurs.
BARFIELD, J., concurring with opinion.