JOANOS, Chief Judge.
Sylvester Sims has appealed from an order of the trial court denying his motion to correct illegal sentence, filed pursuant to Rule 3.800(a), Florida Rules of Criminal Procedure. We reverse and remand for further proceedings consistent with this opinion.
Sims alleged below that, on April 28, 1986, he was convicted of four third-degree felonies. He commenced serving his sentence, and in the course thereof was permitted to participate in a work-release program. In December 1989, he escaped from his work-release assignment, and was charged with voluntary escape, a second-degree felony. Sims agreed to plead nolo contendere to that charge in exchange for the state’s recommendation that he be sentenced as an habitual offender to a term of years not to exceed five. The trial court *971 accepted the plea. As predicate convictions for the habitual offender classification, the state offered the four April 28,1986 convictions. The court accepted them, and sentenced Sims to five years as an habitual offender.
Sims thereafter alleged in the instant motion that his classification as an habitual offender was error, in that the predicate convictions were entered on the same date. The trial court denied the motion, on the ground that th.e foregoing allegations “show unequivocally that said motion is without merit.” On appeal, Sims argues that Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991) (habitualization must be supported by sequential convictions) requires vacation of his classification as an habitual offender. The state does not respond.
The trial court erred in finding Sims’ motion without merit. Sims’ allegations, if true, show that he agreed to an illegal sentence as part of a plea bargain, i.e., he agreed to be classified as an habitual offender despite the absence of qualifying predicate convictions. See Williams v. State, 591 So.2d 948 (Fla. 1st DCA 1991), in which the court held that, even if a defendant agreed to be sentenced as an habitual offender as part of a plea bargain, he can still challenge the classification if he does not actually qualify as a habitual offender. This holding was based on the principle that “a trial court cannot impose an illegal sentence pursuant to a plea bargain.” Williams at 950, citing Williams v. State, 500 So.2d 501, 503 (Fla.1986).
Therefore, contrary to the trial court’s order, the allegations of Sims’ motion, if true, would entitle him to vacation of the habitual offender portion of his sentence. We reverse the order of the trial court denying Sims’ motion to correct illegal sentence, and remand for further proceedings thereon.
BOOTH and MINER, JJ., concur.
ON MOTION FOR CERTIFICATION
PER CURIAM.
Appellee’s motion for certification is granted, and we certify to the Florida Supreme Court the same question certified in Barnes v. State, 576 So.2d 758 (Fla. 1st DCA), review pending Case No. 77,751 (Fla. 1991).
JOANOS, C.J., and BOOTH and MINER, JJ., concur.