591 So.2d 948 (1991)
Brian Tullis WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1335.
District Court of Appeal of Florida, First District.
October 21, 1991.
On Motion for Clarification and Certification January 15, 1992.
*949 Keith D. Cooper, Pensacola, for appellant.
James Rogers and Bradley Bischoff, Asst. Attys. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant argues his sentence as a habitual felony offender is illegal because his two prior felony convictions occurred on the same date. We agree, vacate appellant's sentence and remand for resentencing.
Appellant was originally charged with burglary of a structure, possession of cocaine and possession of drug paraphernalia. He reached a plea agreement with the state. The agreement called for appellant to enter a plea of nolo contendere to all three charges.[1] The agreement further provided that if the trial court found that appellant qualified as a habitual offender under section 775.084, Florida Statutes, appellant would be sentenced as follows:
A) Burglary  5 years imprisonment followed by five years probation.
B) Possession of cocaine  5 years probation to be served concurrent to the other probation.
C) Possession of paraphernalia  1 year in jail to be served concurrent to the other jail sentence.
However, if the trial court did not find appellant qualified as a habitual offender, appellant would receive a guidelines sentence. The guidelines scoresheet in the record reflects a total score of 59 points, which corresponds with a sentence of community control or 12 to 30 months incarceration.[2]
At the sentencing hearing appellant moved to withdraw his plea to the possession of cocaine charge because the lab report came back negative as to cocaine. The trial court granted appellant's motion and the state nolle prossed that count. Before imposing sentence on the remaining two counts the court heard argument from counsel for both sides. The state argued that appellant qualified as a habitual offender because he had two prior felony convictions, one for burglary of a conveyance and one for grand theft. The state conceded and the record clearly reflects that both of the prior convictions were entered on the same date. The court asked appellant's counsel whether the two prior convictions qualified appellant for sentencing as a habitual offender. Appellant's counsel "conceded" the two prior convictions qualified appellant as a habitual offender. Counsel argued, however, that the spirit of the statute was not met because appellant only had one prior felony incident. Appellant's counsel argued that the legislature did not intend to punish such persons as habitual offenders. The trial court rejected the argument and appellant received a sentence of five years in prison followed by five years probation for the burglary charge and one year in jail for the possession charge, both terms to be served concurrently.
On appeal appellant argues that the two prior felony convictions, both of which occurred on the same day, are not a sufficient predicate to qualify appellant as a habitual felony offender. We agree. Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991) (En banc).
The state argues appellant "abandoned" his statutory right to appeal by pleading nolo contendere without expressly reserving his right to appeal. In support of that argument the state cites to Brown v. State, 376 So.2d 382 (Fla. 1979), Robinson v. State, 373 So.2d 898 (Fla. 1979) and section 924.06(3), Florida Statutes. We are not sure what the state means by "abandoned," but if the state is arguing we have no jurisdiction we reject the argument for the reasons expressed in Walker v. State, *950 579 So.2d 348 (Fla. 1st DCA 1991).[3] If the state is arguing the appellant "abandoned" his right to appeal because no contemporaneous objection was made to the sentence, we also reject that argument because no objection was required. Without the necessary predicate convictions appellant's sentence as a habitual offender is illegal. No objection is required to raise the issue of an illegal sentence on direct appeal.[4]Larson v. State, 572 So.2d 1368, 1370 (Fla. 1991); State v. Whitfield, 487 So.2d 1045 (Fla. 1986); State v. Rhoden, 448 So.2d 1013 (Fla. 1984).[5]
The state also argues appellant waived the right to appeal his sentence because "appellant expressly agreed to be sentenced as a habitual felony offender." That is not what the record reflects. The written plea agreement in the record signed by appellant specifically states that appellant agreed to be sentenced as a habitual felony offender only if the trial court found that appellant qualified for such sentencing under the statute. Moreover, even if appellant had agreed to be sentenced as a habitual offender he could still appeal if he did not actually qualify as a habitual offender. "A trial court cannot impose an illegal sentence pursuant to a plea bargain." Williams v. State, 500 So.2d 501, 503 (Fla. 1986).[6]
Since we have decided that appellant's sentence is illegal because of the lack of the requisite predicate, we need not address the other issue raised by appellant.
Accordingly, we vacate appellant's sentence and remand for resentencing.
JOANOS, C.J., and SHIVERS, J., concur.
BOOTH, J., dissents.
BOOTH, Judge, dissenting.
The instant case differs significantly from Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991), relied on by appellant. In Barnes, the defendant objected to and preserved the habitual offender issue by specific objection based on his being placed on probation for both prior felonies on the same day.
In the instant case, defendant entered into a plea agreement that included habitual felony offender status. Nothing in the law of this state prohibits a defendant from entering into such an agreement,[7] and it should be upheld by this court.
In addition to the plea agreement, defendant's counsel plainly stated to the judge at the sentencing hearing that defendant qualified as a habitual offender. Counsel asked that the court consider in mitigation that the prior two felony convictions were the only felony convictions defendant had and that both arose from the same incident. Counsel stated, "[w]e are really just leaving up to you whether or not he was going to be classified as a habitual offender." The court asked counsel if he had "any quarrel with the fact that [appellant] has had the prior felony convictions within the five-year period, that he does qualify as a habitual offender?" Appellant's counsel responded that appellant "does qualify, but those are the only two felony convictions that he's had." The court responded by reviewing his notes as to defendant's extensive record and numerous violations of probation, and sentenced defendant as a habitual offender. I do not read the colloquy *951 between the judge and counsel as raising the sequential-conviction objection, but rather as seeking the judge's favorable evaluation under Section 775.084(4)(c) of whether imposition of sentence under the habitual offender statute was necessary for the protection of the public.[8]
We should uphold the judgment and sentence below.

OPINION ON MOTION FOR CLARIFICATION AND CERTIFICATION
PER CURIAM.
Appellant's motion for clarification and certification is granted. Our previous opinion is amended to reflect that counsel of record for the appellee is Bradley Bischoff, Assistant Attorney General.
As we did in Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991) (en banc), review pending, case number 77,751 (Fla. 1991), we certify the following question as a question of great public importance.
WHETHER SECTION 775.084(1)(a)1, FLORIDA STATUTES (1989), WHICH DEFINES HABITUAL FELONY OFFENDERS AS THOSE WHO HAVE "PREVIOUSLY BEEN CONVICTED OF TWO OR MORE FELONIES" REQUIRES THAT EACH OF THE FELONIES BE COMMITTED AFTER CONVICTION FOR THE IMMEDIATELY PREVIOUS OFFENSE?
JOANOS, C.J., and BOOTH and SHIVERS, JJ., concur.
NOTES
[1] There are two written agreements in the record; only one is signed by appellant.
[2] There are two scoresheets in the record. The other reflects a total score of 61 points. We are not sure which, if either, is correct.
[3] We note that in Caristi v. State, 578 So.2d 769 (Fla. 1st DCA 1991) the state argued that the sole avenue for challenging an illegal sentence was by direct appeal and if not raised on direct appeal could not be raised in a collateral proceeding. That appears to be inconsistent with the state's position in this case and in Walker.
[4] We agree with the dissent that no objection was made.
[5] Contrary to what is stated by the dissent we believe Williams v. State, 500 So.2d 501, 502 (Fla. 1986) does prohibit the defendant and the state from entering into an agreement which provides for an illegal sentence.
[6] The "concession" by appellant's counsel that appellant's two prior convictions qualified appellant as a habitual felony offender was legally incorrect and makes no difference in the result. If appellant cannot agree to an illegal sentence, he cannot concede to an illegal sentence.
[7] Barnes, supra, involved a defendant who was convicted after trial by jury and did not involve a plea agreement such as here.
[8] Defendant's contention that the court should have made more specific findings in justification of the enhanced sentencing is correctly rejected by the majority.