RYDER, Acting Chief Judge.
Randy Crosby seeks review of the sentence imposed by the trial court designating him a habitual offender upon his plea of nolo contendere to various robbery charges and violation of probation. We *288 affirm the convictions, but reverse the sentence.
Pursuant to a plea of nolo contendere entered on November 27, 1989, Crosby was adjudicated guilty of grand theft auto, criminal mischief and robbery with a deadly weapon. The crimes of grand theft auto and criminal mischief occurred on July 22, 1989. The crime of robbery with a deadly weapon occurred on July 28, 1989. Crosby was sentenced on all three felonies to a term of imprisonment followed by a period of probation.
On April 10, 1990, Crosby was charged with robbery with a firearm or other deadly weapon, which allegedly occurred on March 19, 1990. On May 17, 1990, Crosby was charged with aggravated assault with a firearm, armed burglary and grand theft, all allegedly occurring on April 16, 1990. On June 5, 1990, Crosby was charged with possession of a firearm by a convicted felon, allegedly occurring on April 16, 1990. The crimes which allegedly occurred on March 19 and April 16, 1990 occurred prior to the expiration of the probation Crosby was serving for the previous crimes for which he was convicted on November 27, 1989. Accordingly, Crosby was also charged with violating his probation. Crosby pled guilty to a technical violation of his probation, and the court revoked the probation, reserving sentencing on the charge for a later date.
The state filed a notice of intent to seek enhanced penalties pursuant to section 775.084, Florida Statutes (1989). The three informations dated April 10, May 17 and June 5, 1990 were consolidated. Crosby entered a plea of nolo contendere to all charges and a conviction was entered on each charge on July 23, 1990. Crosby was sentenced to twelve years’ state prison as a habitual offender.
Although Crosby was convicted of two or more prior felonies, which is required in order to sentence him as a habitual offender, all of the convictions were entered on the same day (November 27, 1989). Consequently, Crosby can only be deemed to have one prior felony conviction and he, therefore, does not meet the criteria required to be designated a habitual offender under section 775.084(l)(a), Florida Statutes (1989). See Walker v. State, 567 So.2d 546 (Fla. 2d DCA 1990).
We note that neither the trial court nor the state had the benefit of the Walker decision at the time of Crosby’s convictions and sentences. Here, Crosby committed two separate crimes on two separate dates in 1989 and could have been adjudicated guilty on two separate days. He then would have met the criteria required to be sentenced as a habitual offender. Although this method may be more time consuming for the state attorneys and the trial court, it is the method mandated under the current statutes and case law. The state has the ability, at the trial level, to choose the method by which a defendant will be prosecuted. Once the case reaches the appellate level, we have no choice but to apply the law as it exists at the time of appeal.
Appellant also contends that the trial court erred in imposing a three year mandatory minimum sentence pursuant to section 775.087(2), Florida Statutes (1989). Because appellant pled no contest to the charge involving the use of a firearm, we find no error in the mandatory minimum sentence imposed here.
All of appellant’s convictions are affirmed, but the sentence of twelve years’ imprisonment as a habitual offender is reversed and the case is remanded for resen-tencing within the guidelines.
Affirmed in part, reversed in part and remanded.
CAMPBELL and PARKER, JJ., concur.