599 So.2d 246 (1992)
George CRIBBS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-3649.
District Court of Appeal of Florida, First District.
May 26, 1992.
*247 Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Andrea D. England, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
George Cribbs has appealed from sentencing as an habitual offender following his conviction of introducing contraband into a state prison, possession of methamphetamine and possession of less than 20 grams of cannabis. We affirm in part and reverse in part.
At the time the foregoing charges were brought, Cribbs was serving sentences for eight felonies, of which he was convicted on February 22, 1990. At sentencing for the instant offenses, Cribbs' guidelines scoresheet reflected 398 points, corresponding to a recommended sentence of 20 years. In return for a 13-year sentence, Cribbs agreed to stipulate that he met the criteria for habitual offender classification. The state relied on the February 22, 1990 convictions to show that Cribbs qualified for that classification. The trial court found him so qualified, and imposed three concurrent 13-year sentences, to run consecutively to the sentences Cribbs was already serving.
Cribbs argues on appeal that he could not be classified as an habitual offender in that the qualifying convictions were entered on the same date, citing Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991). He further points out that, as to Count II of the information charging possession of methamphetamine (a third-degree felony), his sentence exceeded the statutory habitual offender maximum of 10 years. Finally, he argues that he could not properly be classified as an habitual offender as to Count III of the information charging possession of cannabis, a misdemeanor. The state argues that Cribbs waived the first argument by stipulating that he qualified as an habitual offender, but concedes error as to the latter two arguments.
Cribbs' argument that habitual offender classification cannot be based on non-sequential convictions was rejected in State v. Barnes, 595 So.2d 22 (Fla. 1992). However, Cribbs is correct that habitual offender status does not apply to misdemeanors (Count III), DuBose v. State, 585 So.2d 1198 (Fla. 1st DCA 1991), and that the maximum habitual offender sentence for a third-degree felony (Count II) is 10 years. Section 775.084(4)(a)3., Fla. Stat. (1989). Cribbs' stipulations do not bar these arguments, in that a defendant cannot concede to an illegal sentence. Williams v. State, 591 So.2d 948, 950 n. 6 (Fla. 1st DCA 1991). Further, the state concedes error, and seeks correction of Cribbs' sentences.
Based on the foregoing, the habitual offender classification as to Counts I and II is affirmed. Habitual offender classification as to Count III is reversed, and the case remanded for resentencing. We also direct that, on remand, the sentence as to Count II be reduced to the 10-year statutory maximum.
Affirmed in part, reversed in part, and remanded for resentencing.
JOANOS, C.J., and MINER and KAHN, JJ., concur.