582 So.2d 174 (1991)
Renwick Lamar KEEL, Appellant,
v.
STATE of Florida, Appellee.
Nos. 90-505, 90-506 and 90-510.
District Court of Appeal of Florida, First District.
July 18, 1991.
Dennis B. Gunson, Gainesville, for appellant.
Robert A. Butterworth, Atty. Gen., Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Keel appeals his judgments and sentence as a habitual offender. We reverse.
Keel took a purse from a woman who was sitting in her car. He was charged with burglary of a conveyance and robbery. A jury found Keel guilty of the lesser included offenses of burglary without assault and grand theft. The trial judge set aside the burglary verdict and found Keel guilty of trespass to an occupied conveyance. The judgment, however, states Keel is guilty of burglary rather than trespass.
In a second case, a jury found Keel guilty of uttering a forged instrument. In a third case, Keel pled no contest to aggravated assault, opposing a law enforcement officer, and criminal mischief. The trial judge sentenced Keel in all three cases on January 4, 1990. He sentenced Keel as a habitual offender based on five prior felony convictions. All five prior convictions were entered on August 27, 1987. The three cases for which Keel was sentenced in January 1990 were consolidated for this appeal.
Keel argues on appeal that he should not have been habitualized because all his prior felonies were entered on the same day. Ten days after Keel's reply brief was filed, this court resolved this issue en banc in Keel's favor in Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991).
Keel also argues on appeal that the judgment should be corrected to reflect the trial court's oral pronouncement that Keel was guilty of trespass to an occupied conveyance rather than burglary without assault. State concedes error on this point.
We therefore reverse and remand for (1) entry of a written judgment which comports with the trial court's oral pronouncement that Keel is guilty of trespass instead of burglary, and (2) resentencing in light of Barnes. We recertify the question raised in Barnes:
WHETHER SECTION 775.084(1)(A)(1), FLORIDA STATUTES (SUPP. 1988), WHICH DEFINES HABITUAL FELONY OFFENDERS AS THOSE WHO *175 HAVE `PREVIOUSLY BEEN CONVICTED OF TWO OR MORE FELONIES,' REQUIRES THAT EACH OF THE FELONIES BE COMMITTED AFTER CONVICTION FOR THE IMMEDIATELY PREVIOUS OFFENSE.
JOANOS, C.J., and SMITH, J., concur.