PER CURIAM.
Appellant challenges the trial court’s summary denial of his rule 3.800 motion in which he alleges that two five-year consecutive sentences imposed consecutive to a five-year sentence in yet another case, are illegal. We reverse the summary denial and remand for reimposition of appellant’s original 10-year habitual offender sentences.
In 1990, appellant was sentenced for three separate offenses to 10 years in prison for each offense as an habitual felony offender, with the sentences to be served concurrently. Appellant challenged the habitual offender sentencing, and this court held that he could not be habitual- *1248 ized and remanded the case for resentenc-ing. See Keel v. State, 582 So.2d 174 (Fla. 1st DCA 1991). The Florida Supreme Court quashed the portion of this court’s opinion reversing appellant’s habitual offender sentencing and remanded the case for further proceedings. State v. Keel, 597 So.2d 250 (Fla.1992). However, in the interim, the trial court resentenced appellant to two consecutive five-year sentences that were to be served consecutively to a five-year sentence in another case. The appellant challenges this resentencing.
We agree that the interim sentences cannot stand in light of the supreme court’s opinion in Keel. We accordingly reverse the summary denial of appellant’s claim and remand with instructions to reinstate appellant’s original concurrent 10-year habitual offender sentences,
REVERSED and REMANDED.
JOANOS, LAWRENCE and VAN NORTWICK, JJ., CONCUR.