524 So.2d 487 (1988)
James D. GRINER, Appellant,
v.
STATE of Florida, Appellee.
No. 88-640.
District Court of Appeal of Florida, Second District.
May 4, 1988.
PER CURIAM.
James Griner appeals the summary denial of his motion to correct sentence. We reverse.
Griner claims that he is serving a sentence of 30 years for escape.[1] This sentence, which was imposed in 1977, appears to represent a plea bargain whereby two counts of a three-count information were dropped. Griner now alleges that the sentence exceeds the statutory maximum. Escape is a second degree felony and has been since prior to Griner's sentencing date. The fact the sentence may have been *488 negotiated is immaterial, for one may not agree to an unlawful sentence. Williams v. State, 500 So.2d 501 (Fla. 1986).
While it may be that some mechanism such as the habitual offender statute[2] was invoked to enhance the ordinary fifteenyear maximum, the trial court's order fails to provide sufficient documentation to refute Griner's argument that his sentence is unlawful. Accordingly, we remand this case for further proceedings, at which time the trial court may support its denial of the motion by attaching the record exhibits relied upon, correct the sentence, or conduct such other proceedings as it deems advisable. Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days in order to obtain further appellate review.
Reversed.
SCHEB, A.C.J., and RYDER and PARKER, JJ., concur.
NOTES
[1] § 944.40, Fla. Stat. (1977).
[2] § 775.084, Fla. Stat. (1977).