PER CURIAM.
The appellant, Keith B. Jones, challenges the ten year sentence he received after he pled guilty to possession of cocaine and was classified as an habitual offender. We agree that the trial court erred by sentencing appellant as an habitual offender. We, accordingly, affirm the conviction but reverse and remand for resentencing.
The appellant was charged with possession of cocaine with the intent to deliver. He pled guilty to a reduced charge of simple possession. The trial court found that appellant was an habitual offender and imposed a ten year sentence. The prior convictions relied upon by the trial court to classify appellant as an habitual offender were all rendered on the same date.
In order to be sentenced as an habitual offender under section 775.084, Florida Statutes as amended in 1988, a defendant must have had successive felony convictions. Convictions that are entered on the same date are treated as a single offense. Walker v. State, 567 So.2d 546 (Fla. 2d DCA 1990).
Since all of appellant’s prior convictions were rendered on the same date, they should have been treated as a single offense, the trial court, therefore, erred by finding the appellant was an habitual offender. Walker.
The fact that the appellant entered a plea agreement and did not object at the sentencing hearing does not prevent him from raising this issue on appeal. Fore *1007 hand v. State, 537 So.2d 103 (Fla.1989) (sentencing errors that are apparent on the face of the record are recognizable on appeal even though there was no objection below). Griner v. State, 524 So.2d 487 (Fla. 2d DCA 1988) (one may not agree to an unlawful sentence).
Reversed and remanded for resentenc-ing.
SCHOONOVER, C.J., and RYDER and THREADGILL, JJ., concur.