573 So.2d 178 (1991)
Albert JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 89-00870.
District Court of Appeal of Florida, Second District.
January 18, 1991.
James Marion Moorman, Public Defender, and Jennifer Y. Fogle, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol M. Dittmar, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The state filed informations charging the appellant with (1) robbery with a deadly *179 weapon; (2) two counts of burglary of a structure; (3) one count of petit theft; and (4) one count of grand theft.
Pursuant to a plea agreement, the appellant pled guilty on all charges and was sentenced to nine years incarceration on the robbery charge and nine years incarceration on one count of burglary of a structure. He received lesser terms of incarceration on the other charges, all sentences to run concurrently. As contemplated by the plea agreement, the appellant was treated and sentenced as a habitual violent felony offender on the burglary charge as to which he received a nine year sentence, making him ineligible for release for five years. § 775.084(4)(b)(3), Fla. Stat. (Supp. 1988). The habitual violent felony offender status was based on the robbery conviction. All convictions and sentencings occurred on the same date.
The habitual violent felony offender designation in section 775.084 as amended in 1988 requires that the defendant have been previously convicted of a felony or an attempt or conspiracy to commit a felony and one or more of such convictions was for one of ten enumerated offenses. Robbery is one of those enumerated offenses.
Convictions that are entered on the same date are treated as a single offense. Walker v. State, 567 So.2d 546 (Fla. 2d DCA 1990). Accordingly, habitual violent felony offender status as to one conviction may not be based on another conviction entered on the same date.
The fact that the appellant entered into a plea agreement and did not object at the sentencing hearing does not prevent him from raising this issue on appeal. See Jones v. State, 572 So.2d 1006 (Fla. 2d DCA 1990) (citing Griner v. State, 524 So.2d 487 (Fla. 2d DCA 1988), for the proposition that one may not agree to an unlawful sentence).
We reverse the appellant's habitual violent felony offender sentence and remand for resentencing on that charge. The appellant does not challenge the remaining sentences.
DANAHY, A.C.J., and FRANK and ALTENBERND, JJ., concur.