576 So.2d 916 (1991)
Orrin JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 90-00823.
District Court of Appeal of Florida, Second District.
March 27, 1991.
*917 James Marion Moorman, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Elaine L. Thompson, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Orrin Johnson appeals two ten-year sentences to be served concurrently which he received as a habitual felony offender after convictions for sale and possession of cocaine within 1,000 feet of a school. These sentences fell within the sentencing guidelines permitted range of nine to twelve years. We reverse for the trial court to conduct a new sentencing hearing.
In imposing habitual offender status upon appellant the sentencing court below faced facts remarkably similar to those in Johnson v. State, 573 So.2d 178 (Fla. 2d DCA 1991),[1] which are that:
1. Appellant pleaded guilty to the charges and plea bargained for a particular sentence as a habitual offender.
2. The two predicate felony convictions which were utilized to declare the appellant a habitual offender were entered on the same date.
In Johnson, this court observed:
The habitual violent felony offender designation in section 775.084 as amended in 1988 [§ 775.084(4)(b)(3), Fla. Stat. (Supp. 1988)] requires that the defendant have been previously convicted of a felony or an attempt or conspiracy to commit a felony and one or more of such convictions was for one of ten enumerated offenses... . (Emphasis supplied.)
Convictions that are entered on the same date are treated as a single offense. Walker v. State, 567 So.2d 546 (Fla. 2d DCA 1990). Accordingly, habitual violent felony offender status as to one conviction may not be based on another conviction entered on the same date.
The fact that the appellant entered into a plea agreement and did not object at the sentencing hearing does not prevent him from raising this issue on appeal... .
Id. at 227 (citations omitted).
The record reflects that after he pled guilty to the charges, the appellant at the sentencing stipulated that he qualified as a habitual offender under that act. Even so, both the appellant and the state acknowledge in this appeal that the holding in Johnson requires reversal of the sentences. However, the state urges that there are other felonies upon which the state can rely to resentence appellant as a habitual felony offender. The appellant argues that this situation is controlled by the holding in Pope v. State, 561 So.2d 554 (Fla. 1990) and requires that he be resentenced within the sentencing guidelines without permitting the trial court to classify him as a habitual offender again on remand.
*918 We conclude that the trial court, upon remand, should have the opportunity to consider appellant for habitual offender status if the state establishes the required successive prior convictions at a new sentencing hearing. We reach this conclusion for two reasons. First, because we find Pope inapplicable to this situation. Pope dealt only with the sentencing guidelines in holding that if there were no valid reasons for departure from the sentencing guidelines given at the original sentencing, resentencing was required within the guidelines. Habitual offender sentencing involves a sentencing scheme separate and distinct from the guidelines. § 775.084(3)(e), Fla. Stat. (Supp. 1988).[2] Second, appellant stipulated that he qualified as a habitual offender under the statute. Because appellant did not object to the state's predicate convictions at the sentencing hearing as not satisfying the habitual offender statute, the state should be given a second opportunity to attempt to establish the required successive prior convictions at a new sentencing hearing.
We also strike the costs and fees imposed at sentencing, without prejudice to the state to seek these following proper notice to appellant and an opportunity for hearing. See Bull v. State, 548 So.2d 1103 (Fla. 1989); Mays v. State, 519 So.2d 618 (Fla. 1988); Jenkins v. State, 444 So.2d 947 (Fla. 1984).
Reversed and remanded for resentencing.
SCHEB, A.C.J., and THREADGILL, J., concur.
NOTES
[1] The appellant in the cited case is Albert Johnson and is not the same person as the appellant in the case we are reviewing.
[2] That statute provides that "[a] sentence imposed under this section shall not be subject to the provisions of s. 921.001 [the section enacting the sentencing guidelines]."