PATTERSON, Judge.
Fred James appeals from the ten-year sentence he received as a habitual offender for delivery of a controlled substance. On June 12, 1990, the appellant entered a plea of nolo contendere with the understanding the state was seeking to have him classified as a habitual offender. The appellant failed to object to the trial court’s findings that the state had proven his habitual offender status. However, this failure does not preclude him from raising this issue on appeal. Walker v. State, 567 So.2d 546 (Fla. 2d DCA 1990).
The habitual felony offender designation in sections 775.084(1)(a)(1) and (2), Florida Statutes (1989), requires that the defendant has previously been convicted of any combination of two or more felonies in this state or other qualified offenses and that the felony for which the defendant is to be sentenced was committed within five years of the conviction date of the last prior felony.
We conclude the record does not contain evidence of the two predicate felonies necessary to declare the appellant a habitual offender. At the sentencing hearing, the state placed into evidence a certified copy of a prior Kansas conviction dated June 30, 1982, and another Kansas case which had been dismissed. At the hearing, the appellant mentioned a 1988 Florida felony conviction, which he had earlier indicated as occurring in 1982. Other than the contradictory reference to the Florida felony conviction, the record does not reflect evidence specific enough to determine if the Florida conviction was within five years of the date of the commission of the present felony. Johnson v. State, 576 So.2d 916, 917 (Fla. 2d DCA 1991).
In addition, the trial court could not consider the Kansas conviction in its habit *619 ual offender finding. The amendment to section 775.084, Florida Statutes (1987), allowing consideration of out-of-state felonies for the necessary prior convictions did not become effective until October 1, 1989. The appellant committed the present felony on March 9, 1989, before the effective date of the amendment. Therefore, we find the state has not demonstrated two prior felonies under section 775.084 and the sentence must be vacated.
However, because the appellant failed to object at the sentencing hearing, the state will have the opportunity to prove the appellant meets the requirements of section 775.084, Florida Statutes (1989). See Johnson v. State, 576 So.2d 916 (Fla. 2d DCA 1991). We therefore reverse and remand for resentencing in keeping with this court’s findings.
SCHEB, A.C.J., and RYDER, J., concur.