PER CURIAM.
Defendant appeals from the trial court’s summary denial of his motion to correct an illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The trial court denied the motion on the basis that the issue raised therein had been decided adversely to defendant in his direct appeal from his judgment and sentence. Our review of our own court files reveals that this precise issue was not raised or addressed in the direct appeal. Because the allegation presents a facially sufficient claim, see Johnson v. State, 573 So.2d 178 (Fla. 2d DCA 1991), we reverse the summary denial of the motion and remand for further proceedings.
On remand, unless the case files and records conclusively show that appellant is not entitled to relief, the trial court shall order the state to file an answer. After receipt of the answer, the trial court shall determine whether an evidentiary hearing is required. If the trial court should summarily deny the motion again, it shall attach such portions of the record which conclusively refute appellant’s allegations. Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days to obtain appellate review.
SCHEB, A.C.J., and DANAHY and FRANK, JJ., concur.