FRANK, Judge.
Cleo Johnson was convicted of robbery with a deadly weapon and aggravated battery. He was sentenced to two concurrent terms of 22 years, enhanced pursuant to the habitual violent felony offender statute. § 775.084(l)(b), Fla.Stat. (1989). During the jury voir dire, Johnson’s attorney indicated that Johnson had a felony record. Specifically, the question was asked:
If you knew that in 1981, Mr. Johnson went to jail for three cases at one time, went to jail in 1981, all felony cases, would you let that sway you in this instant case or would you, on the other hand, decide this case on its merits, say well, what a person may have done in 1981 or in his prior life, prior in this life will not hold that against — will decide this on its merits.
The trial court sustained an objection to the question. Johnson’s counsel twice offered to sharpen the inquiry but the trial court erroneously rejected each such effort.
The defense is, of course, permitted to conduct a “meaningful” voir dire in order to expose “unyielding bias against a convicted felon” that might affect the jurors’ ability to evaluate the evidence impartially. Moses v. State, 535 So.2d 350 (Fla. 4th DCA 1988). The trial court foreclosed Johnson’s efforts to determine whether the knowledge that he was a convicted felon would interfere with the venire’s ability to reach a fair decision. It cannot be said from the instant record that the restraint upon Johnson’s voir dire was harmless. We therefore agree that he is entitled to a new trial at which he is to be afforded meaningful inquiry into the jurors’ attitude toward his criminal history. Lavado v. State, 492 So.2d 1322 (Fla.1986).
In passing we note error in Johnson’s habitual violent offender sentence. To be sentenced as a habitual offender pursuant to section 775.084, Florida Statutes (Supp. *1111 1988), a defendant must then have a record of temporally distinct felony convictions. Johnson’s felony convictions were rendered on the same date and thus should have been regarded as one for purposes of the statute. Johnson v. State, 576 So.2d 916 (Fla. 2d DCA 1991); Walker v. State, 567 So.2d 546 (Fla. 2d DCA 1990).
Accordingly, Johnson is entitled to a new trial.
SCHOONOVER, C.J., and HALL, J„ concur.