W. SHARP, Judge.
We withdraw our opinion of February 26, 1993 sua sponte and substitute the following therefor.
Huston appeals from an order denying his motion to correct sentence. He was convicted of ten criminal counts,[1] and received enhanced sentences[2] under the ha *1215 bitual offender statute.[3] Huston’s motion to correct sentence was based solely on the argument that the habitual offender statute was passed in violation of the single subject rule of the Article III, Florida Constitution § 6 (1968). We affirm.
Recently, the Florida Supreme Court dealt with this issue in State v. Johnson, 616 So.2d 1 (Fla.1993). The court found that the habitual offender statute, amended effective October 1, 1989, was unconstitutionally passed, because it violated the single subject rule. However, it held that the reenactment of the amendments on May 2, 1991 cured the defect for those defendants sentenced after May 2, 1991. The court noted:
[Cjhapter 89-280 violates article III, section 6, of the Florida Constitution. However, we conclude that chapter 91-44’s biennial reenactment of chapter 89-280, effective May 2, 1991, cured the single subject violation as it applied to all defendants sentenced under section 775.084 after that date. Consequently, the amendments contained within chapter 89-280 became effective on May 2, 1991, rather than October 1, 1989....
We realize that this decision will require the resentencing of a number of individuals who were sentenced as habitual felony offenders under section 775.084 as amended by chapter 89-280 for the period of October 1,1989, to May 2, 1991. However, the resentencing requirement will apply only to those defendants affected by the amendments contained within chapter 89-280, such as the addition of the aggravated battery category at issue here, (emphasis added)
Johnson at 4.
Huston was sentenced on January 3, 1991, within the narrow time frame which the supreme court held could require a defendant to be resentenced, if the sentence was affected by the ineffective 1989 amendments. Although Johnson dealt with the violent felony offender portion of the statute (§ 775.084(l)(b)), its reasoning is equally applicable to the nonviolent portion (§ 775.084(l)(a)) under which Huston was sentenced.
The 1989 amendment modified section 775.084(1)(a)1 by requiring that the defendant be “previously convicted of any combination of two or more felonies in this state or other qualified offenses.” [4] The additional language in the 1989 amendment includes out-of-state convictions. Section 775.084(1)(c), Fla.Stat. (1989); James v. State, 587 So.2d 617, 619 (Fla. 2d DCA 1991).
The record in this case indicates that Houston was convicted of two prior Florida felonies in 1986 and 1989, and a felony (aggravated assault and battery) in South Carolina in 1982. Since Huston’s prior felonies include two Florida offenses in addition to an out-of-state felony, we conclude the 1989 amendment did not affect Huston’s sentence and status as an habitual offender.
AFFIRMED.
COBB and PETERSON, JJ., concur.

. Two counts of aggravated assault (§ 784.-021(l)(a), Fla.Stat. (1989)); one count of shooting into an occupied dwelling (§ 790.19, Fla. Stat. (1989)); one count of possession of a firearm by a convicted felon (§ 790.23, Fla.Stat. (1989)); one count of tampering with evidence (§ 918.13(l)(a), Fla.Stat. (1989)); two counts of criminal mischief (§ 806.13(l)(a), Fla.Stat. (1989)); one count of fleeing and attempting to elude police (§ 316.1935, Fla.Stat. (1989)); one count of reckless driving (§ 316.192, Fla.Stat. (1989)); and one count of driving without a driver's license (§ 322.03, Fla.Stat. (1989)).

. Huston received the following sentences on the five felony convictions: two ten-year sentences; two thirty-year sentences; one ten-year sentence. On the five misdemeanors, he received time served.

. Section 775.084, Florida Statutes (1989).

. The underlined portions indicate language added by the 1989 amendment. Formerly, it provided that the defendant must be "previously convicted of two or more felonies in this state." (emphasis supplied)