666 So.2d 573 (1996)
Edgar Eugene STEPHENSON, Appellant,
v.
STATE of Florida, Appellee.
No. 94-04286.
District Court of Appeal of Florida, Second District.
January 19, 1996.
Randall O. Reder, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
PARKER, Judge.
Edgar Eugene Stephenson appeals his sentences, arguing that the trial court erred in designating and sentencing him as a habitual violent felony offender. We agree and reverse.
Stephenson was convicted of two counts of armed robbery and one count of attempted armed robbery. The crimes occurred on July 19, 1992. At Stephenson's sentencing, the parties and the court referred to the presentence investigation report; however, this court has a certificate from the circuit court clerk that it was not made part of the trial court record. Further, it is apparent from the transcript that the court received State's Exhibit No. 1 into evidence which contained certified copies of Stephenson's prior convictions which consisted of robbery with a firearm, delivery of cannabis, and aggravated assault, all of which were dated June 25, 1981. This exhibit also was not made a part of the trial court record. Stephenson's attorney agreed that Stephenson was "under restraint" on December 20, 1989, not specifying whether Stephenson was in prison or on parole. The state argued, and the trial court accepted, that as long as Stephenson was on parole in December 1989, he *574 met the requirements to be sentenced as a habitual violent felony offender.
One of the requirements necessary to qualify as a habitual violent felony offender is contained in section 775.084(1)(b)2, Florida Statutes (1991), which provides:
The felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the last prior enumerated felony or within 5 years of the defendant's release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for an enumerated felony, whichever is later[.]
The state has interpreted the statute incorrectly. In order to be sentenced as a habitual violent felony offender, the felony for which the defendant is being sentenced must have been committed within five years of his release from prison, not release from probation or parole. See Allen v. State, 487 So.2d 410 (Fla. 4th DCA 1986). The state never proved when Stephenson was released from the prison sentence. Thus, this court is compelled to reverse the habitual violent felony offender designation and sentences. Because Stephenson did not object at the sentencing hearing to the insufficiency of the proof that he met the requirements of the habitual violent felony offender statute, the state shall have the opportunity on remand to establish that Stephenson qualifies as a habitual violent felony offender. See Johnson v. State, 576 So.2d 916 (Fla. 2d DCA 1991).
Reversed and remanded.
FRANK, A.C.J., and FULMER, J., concur.