PER CURIAM.
Pursuant to a negotiated plea, the appellant received time served for possession of cocaine and thirty-six months’ probation as a habitual felony offender for felon in possession of a firearm. He challenges only his sentence as a habitual felony offender for the offense of felon in possession of a firearm committed May 2,1995.
Unbeknownst to the trial court at sentencing, the appellant did not qualify as a habitual felony offender. Both the state and the appellant now agree that he committed the offenses for which he is being sentenced in this circuit court case more than five years from the date of his release from a prison sentence or other commitment imposed as a result of a prior conviction for a felony or other qualified offense. See § 775.084(l)(a)2., Fla. Stat. (1995). Based on these concessions, the trial court could not sentence the appellant as a habitual felony offender because he did not meet the statutory requirements. See Stephenson v. State, 666 So.2d 573, 574 (Fla. 2d DCA 1996); Johnson v. State, 576 So.2d 916, 918 (Fla. 2d DCA 1991). Accordingly, we remand this case to the trial court to permit the appellant to withdraw his plea.
Reversed and remanded with instructions.
FRANK, A.C.J., and LAZZARA and FULMER, JJ., concur.